PER CURIAM.
This appeal is from a judgment of conviction of perjury in the Criminal Court of Record of Palm Beach County. The appellant seeks to invoke the jurisdiction of this.Court under the provision of Article V of the Constitution, F.S.A., authorizing a direct appeal where the trial court construes a controlling provision of the Federal or State Constitution. Appellant asserts that the information charged him with the commission of perjury in a former trial in which he was the defendant and that therefore the second prosecution for perjury would constitute double jeopardy. Therefore he says that the trial court in denying his motion to quash did thereby pass upon a controlling provision of the Federal and State Constitutions to his grevous injury.
So far as our jurisdiction to entertain this appeal is concerned, appellant has presented merely a colorable assertion presenting no substantial basis upon which an appeal will lie under the above-cited constitutional provision.[1] Jurisdiction to decide this question is clearly vested in the District Court of Appeal. Moreover, this case falls squarely within the principle announced by this Court that the application of the facts in a case to a recognized clear-cut provision of the Constitution does not amount to a decision upon which this Court could entertain a direct appeal.[2] For us to entertain jurisdiction under this provision of the Constitution “the trial judge must undertake to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision.” [3]
It is, therefore, ordered that the notice of appeal and all other papers filed herein shall, at the expiration of five days from the filing of this order, be transferred to the District Court of Appeal of Florida, Second District.[4]
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.

. Evans v. Carroll, Fla.1958, 104 So.2d 375.

. Armstrong v. City of Tampa, Fla.1958, 106 So.2d 407, 409.

. See preceding footnote, supra.

. Rule 2.1, subd. a (5), Florida Appellate Rules, 31 F.S.A.