181 So.2d 646 (1966)
John Henry ROBERTS and John Alfred Adderley, Appellants,
v.
STATE of Florida, Appellee.
No. 33991.
Supreme Court of Florida.
January 12, 1966.
*647 Houston, Easthope & Stahl, Fort Lauderdale, for appellants.
Earl Faircloth, Atty. Gen., and John S. Burton, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
Appellants are under sentence of death for a capital crime. The judgment and sentence imposing the death penalty were affirmed by this court in a prior appeal, 164 So.2d 817. By motion to vacate their sentences pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix they sought relief on the ground that they were denied due process and equal protection of law because the issue of guilt and recommendation to mercy were tried together. The trial judge evidently thought appellants were attacking the constitutionality of F.S. Sec. 919.23, F.S.A., which permits the jury to recommend mercy in a capital case, for he specifically upheld the validity of the statute in denying the motion to vacate.
In this appeal, which is directed not to the judgment and sentence of death but to the order denying the motion to vacate, the appellants admit that they do not contend that Sec. 919.23 is unconstitutional. Rather they argue that they are entitled to relief because "* * * the manner in which they were tried, convicted and sentenced to death was unfair and constituted a denial of due process of law, and equal protection of law."
In Craig v. State, 179 So.2d 202, opinion filed October 13, 1965, we held to be reviewable by appeal in this court an order denying relief under Criminal Procedure Rule No. 1 in which order the trial court passed directly on the validity of a statute. However, the jurisdiction of this court to review by appeal is determined not only by the trial judge's action in passing directly on the validity of a statute, but also by the complaining litigant's actually presenting the jurisdictionally reviewable question to us. The constitutional provision which gives this court jurisdiction to review final judgments and decrees passing on the validity of a statute impliedly requires that the determination as to the validity of the statute be properly preserved and presented to this court. If this is done we, of course, have authority to review not only the correctness of the ruling on the validity of the statute, but all other questions decided therein and properly raised before us. But if that part of the order which is necessary to invoke our jurisdiction is not assigned as error and presented to us we have no authority to review any portion of the questioned order.
In the instant case appellants do not ask us to review that part of the trial judge's order which held the subject statute to be valid. This part of the order was *648 neither assigned as error nor argued by brief or orally before us. Appellants must therefore be held to have waived any right to appeal this portion of the order. This circumstance denies us jurisdiction to review the order.
We have not overlooked the fact that in this proceeding the appellants claimed they had been denied their constitutional rights and that the trial judge denied that claim. However, that ruling is not such a "construing" of a controlling provision of the constitution as would invoke the jurisdiction of this court under Article V, Section 4, Fla. Const., F.S.A. Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407.
Because this court is without jurisdiction to entertain this appeal this cause must be transferred to the District Court of Appeal, Fourth District.
It is so ordered.
CALDWELL and HOBSON (Ret.), JJ., and McCORD, Circuit Judge, concur.
THOMAS, J., concurs in judgment transferring to District Court of Appeal.
THORNAL, C.J., dissents.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting).
I believe our jurisdiction is invoked because the final judgment appealed from passed upon the constitutionality of F.S. Section 919.23, F.S.A. See Craig v. State, 179 So.2d 202, opinion filed October 13, 1965. Even though Appellants do not directly urge the unconstitutionality of Section 919.23 in their assignments of error or argument, our jurisdiction is nevertheless invoked because the appeal was from the final judgment which contains the holding that Section 919.23 is valid.[1] Whatever may be assigned as error or whatever point may be argued does not operate to cancel out our jurisdiction. Furthermore, despite the fact Appellants say they are not challenging the constitutionality of Section 919.23, nevertheless they contend they were denied constitutional due process and equal protection because under Section 919.23 the issue of guilt and the issue of recommendation to mercy were tried together. I do not believe the transfer should be made.
NOTES
[1] Compare Lissenden Co. v. Board of County Commissioners, 116 So.2d 632 (Fla), and Mounier v. State, 178 So.2d 714 (Fla.).