PER CURIAM.
In a proceeding for declaratory relief the Chancellor specifically passed on the validity of a statute. Appellant here filed notice of appeal to the District Court of Appeal, Second District. However, it did not assign error directed to the ruling on the statute; nor did it argue the ruling in its brief. The matter of the validity of the statute was not presented for appellate review. Nevertheless, the District Court has sua sponte transferred the case to this Court on the theory that the trial judge initially passed on the validity of a state statute. The trial judge did do this but his holding has never been assigned as error nor has it ever been argued in any appellate brief. There is simply no jurisdictional vehicle to bring the matter here. We have so held on two occasions. City of Miami v. Steckloff, 111 So.2d 446 (Fla.1959), and Roberts v. State, 181 So.2d 646, (Fla.1966). Conversely, the cause fell within the jurisdiction of the District Court when it was initially taken there and we must return it from whence it came.
This entire record is therefore returned to the District Court of Appeal, Second District, for consideration and ultimate disposition, unless within five days from the date hereof the parties or any of them show cause to the contrary.
It is so ordered.
THORNAL, C. J. and ROBERTS, DREW and O’CONNELL, JJ„ concur.
THOMAS, J., agrees to conclusion.