202 So.2d 896 (1967)
Edward Lamar GAY, Petitioner,
v.
The CITY OF ORLANDO, a Municipal Corporation, Respondent.
No. 1439.
District Court of Appeal of Florida, Fourth District.
September 22, 1967.
Rehearing Denied October 26, 1967.
*897 Dominick J. Salfi, of Fishback, Davis, Dominick & Troutman, Orlando, for petitioner.
Joseph X. DuMond, Jr., Asst. City Atty., Orlando, for respondent.
ANDREWS, Judge.
This case is here on a petition for a common law writ of certiorari. Petitioner asks us to review an appellate decision of the circuit court affirming his conviction in the municipal court of the City of Orlando.
Petitioner was arrested on a charge of driving while intoxicated and asked to take a breathalyzer test. He refused, and during the course of his trial the arresting officers testified as to his refusal. Counsel for petitioner objected to the introduction of this evidence and his objections were sustained. He argued, however, that this was insufficient because the judge was also the trier of facts and the damaging evidence had been heard. On appeal in the circuit court the judgment of conviction was affirmed without an opinion.
On amended motion for rehearing petitioner asserted that the appeal was improvidently lodged in the circuit court. He argued that the trial court's rulings on his objection, in effect, construed a controlling provision of the Florida or United States Constitution, to-wit, his privilege against self-incrimination. U.S.Const., amend. XIV & V; Fla. Const., Decl. of Rights § 12, F.S.A. This being so, appeal lay directly to the Supreme Court of Florida, Fla. Const., art. V, § 4(2), F.S.A., and petitioner urged that the appeal be transferred to the Supreme Court pursuant to F.A.R. 2.1(a)(5)(d), 32 F.S.A.
The circuit court denied the amended motion for rehearing. Petitioner then filed his petition for certiorari contending two things: (1) that the circuit court was without jurisdiction to hear the appeal, and (2) that the circuit court's affirmance of the trial court ruling was incorrect and departed from the essential requirements of law.
Petitioner's first contention is without merit. Certiorari is the proper procedure to quash an appellate decision of a circuit court where the court has no jurisdiction. Robinson v. State, Fla. 1961, 132 So.2d 3. But in order to find that the circuit court was without jurisdiction, it must first appear that the trial court construed a controlling constitutional provision, thereby vesting exclusive appellate jurisdiction in the Supreme Court.
The Supreme Court has declared that, for direct appeal to lie, the trial judge must undertake to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision. Page v. State, Fla. 1959, 113 So.2d 557. This test has not been met here. The court in Page noted that application of facts in a case to a recognized clear-cut provision of a constitution does not amount to such an explanation or definition as will trigger the direct appeal provision. To invoke the right to a direct appeal it is necessary that the trial court do more than merely rule on a colorable assertion of constitutional rights. Roberts v. State, Fla. 1966, 181 So.2d 646. Were it otherwise, almost all criminal appeals would be to the Supreme Court. Many evidentiary rulings are made in the face of constitutional objections. Each ruling is *898 made on a unique factual setting and to that extent an existing doubt may be eliminated. But this is not sufficient. The Supreme Court has held that the mere fact that a constitutional right has been denied by a trial court, while error, does not give it jurisdiction. Actual construction or interpretation is required. Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407, 410.
In the instant case the trial court without elaboration applied constitutional standards to the facts before it. We conclude that the trial court did not construe a controlling constitutional provision. Consequently, the circuit court had jurisdiction to hear the appeal.
Petitioner's second contention presents an interesting problem. Petitioner was told he had a right not to take the breath analysis test. He chose not to and this fact was brought out at the trial. While it is true that the court sustained an objection to this testimony, petitioner nevertheless argues that the damage had been done and a mistrial should have been declared.
Petitioner's argument is that while a chemical test for intoxication is not violative of his privilege against self-incrimination, the state must forego any testimonial by-products which would fall within the privilege. Schmerber v. State of California, 1966, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908.
In Schmerber the United States Supreme Court held that the result of a blood test administered over the objections of a defendant was admissible in evidence and did not violate the defendant's self-incrimination privilege. By analogy we hold that a properly administered breathalyzer test occupies the same status as the blood test in Schmerber. Evidence of petitioner's refusal to submit to the test, however, is a testimonial by-product that falls within the privilege.
In Schmerber the petitioner also refused a breathalyzer test and evidence of this was introduced. There the claim was that such evidence amounted to a comment on the invocation of the privilege and was inadmissible under Griffin v. State of California, 1965, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, which held that a prosecutor could not comment on a defendant's failure to take the stand. The Schmerber court did not rule on this question, finding it to have been improperly presented. In a footnote, however, the court indicated that general Fifth Amendment principles would control rather than the precise holding of Griffin. Schmerber v. State of California, supra, n. 9.
This approach seems logical and supports our finding that results of a breathalyzer are not self-incriminating. The court appears to imply that because there is no privilege as to the breathalyzer, refusal to submit to the test is not an invocation of the privilege such as refusing to take the stand would be. It follows that comment or evidence of the refusal to take a breathalyzer or blood test does not fall within the rule in Griffin.
The admissibility of petitioner's refusal must be measured by general self-incrimination principles. It seems obvious that petitioner's statement was self-incriminating and carried an inference of guilt. In fact it is difficult to see any relevancy in his statement other than providing such an inference. The Supreme Court noted that if an accused incriminates himself when faced with the prospect of taking a test, the testimony may be a product of compulsion and inadmissible. Schmerber v. State of California, supra, n. 9.
In the case before us petitioner was confronted with a choice of either voluntarily submitting to the test or refusing and thereby making a self-incriminating statement. While the results of a properly administered breathalyzer test are not within the privilege, self-incriminating testimonial by-products are. Schmerber v. State of California, supra.
*899 Thus we agree with petitioner that evidence of his refusal to take a breathalyzer test is inadmissible. The trial court sustained his objections, however, and an examination of the record does not indicate that the substantial rights of the petitioner were so affected that a mistrial should have been declared. F.S.A. § 924.33.
The petition is denied.
COOPER, RICHARD H., Associate Judge, concurs.
CROSS J., agrees to conclusion.