312 So.2d 549 (1975)
Eugene P. SKAGGS, On Behalf of Himself and All Other Taxpayers of the City of Key West, Florida, Similarly Situated, Appellant,
v.
The CITY OF KEY WEST, Florida, a Municipal Corporation, et al., Appellees.
No. 74-534.
District Court of Appeal of Florida, Third District.
April 29, 1975.
*550 Edward B. Johnson, Jr., Key West, for appellant.
Neblett & Sauer, Manuel W. James, Key West, Ullman, Kimler & Entin, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
BARKDULL, Chief Judge.
By this appeal, we are called upon to test the validity of an amendment to a comprehensive zoning ordinance adopted by the City of Key West.
Some time prior to May 7, 1969, the City Commission of the City of Key West determined to adopt a new comprehensive zoning ordinance for the City. Pursuant to this program, they hired Milo Smith & Associates of Tampa to prepare such proposed amendment, to establish a new comprehensive zoning ordinance for the municipality. The charter of the City of Key West provided that there should be fifteen days public notice of the adoption of any comprehensive zoning ordinance.[1] The charter further provided that the ordinances of the City should be read twice before their passage.[2] The City ran a notice of intention to consider such a comprehensive zoning ordinance at its meeting scheduled *551 for May 7, 1969. On the occasion of the meeting on May 7, 1969, the comprehensive zoning ordinance, as proposed by Milo Smith & Associates, was adopted by the Commission. The matter recurred upon second reading before the Commission, at a meeting scheduled for July 9, 1969. At this meeting, the ordinance was read a second time and an amendment was proposed, which authorized a new use, to wit: multiple-family high-rise buildings,[3]which had not been included at the time the ordinance was originally considered at the May meeting. The ordinance, together with the proposed amendment, was adopted and became known as Ordinance No. 69-29. Some time elapsed, and the appellees, Eastern Construction Corporation, Donald Laverne Berg, and Key West Condominiums, Inc., sought the issuance of a building permit, permitting a high-rise multiple-family dwelling in accordance with the amendment first proposed and adopted in July, 1969 and Ordinance No. 73-22, subsequently adopted rezoning the property in question to R-2H.
Thereafter, the instant suit was commenced, seeking to enjoin the City from issuing such building permit and for a declaration declaring that the amendment to Ordinance No. 69-29 was void for failure of the proposed amendment, adopted in July, to be read a second time. There were other objections to the proposed improvement, but these have become moot as of this time.
The cause coming at issue, the trial court [upon motions for summary judgments by all parties] held that the amendment adopted in July, 1969 was germane to the subject matter of the ordinance as originally considered in May and, therefore, he upheld Ordinance No. 69-29, as amended, and granted a summary judgment in favor of the defendants and directed that the complaint be dismissed. This appeal ensued.
The only error assigned and argued by the appellant goes to the failure of the Commission to read the amendment, adopted in July, upon two occasions as required by Ch. A, Article VII, Section 8 of the Charter [see footnote 2, supra]. It is the appellant's position, under this point, that the amendment which created an additional use was not one that was germane to the comprehensive ordinance as originally read and, therefore, it was not appropriate for the Commission to adopt such, citing Nelson v. State, Fla. 1955, 83 So.2d 696; City of Coral Gables v. Sackett, Fla.App. 1971, 253 So.2d 890; 23 Fla.Jur., Municipal Corporations, § 79; 56 Am.Jur.2d, Municipal Corporations, § 346; 62 C.J.S. Municipal Corporations §§ 416b, 418a. We believe this point to be well-taken. Without the amendment, as adopted on July 9, 1969, no high-rise, multiple-family improvement could be made within the confines of the municipality of the City of Key West. The amendment did not relate to any of the uses permitted by the ordinance as originally read but, in fact, granted a use different in kind and character than that originally set forth in the ordinance as originally read. The amendment permitting this high-rise, multiple-family use district was not passed upon two readings as required by the charter. Therefore, the section permitting this type of improvement is void.
We further find as a matter of fundamental error, because it has not been raised by the briefs or the pleadings, that the purported amendment is also invalid because the public was never advised by the proper notice, required by Ch. G, Article II, § 4 of the City Charter [see footnote 1, supra], that such a use was going *552 to be considered by the Commission. We believe that the failure to give the required public notice is a condition precedent to the City Commission having the power to enact such a provision in a comprehensive zoning ordinance. City of Miami Beach v. State, Fla.App. 1959, 108 So.2d 614; Ellison v. City of Fort Lauderdale, Fla. 1966, 183 So.2d 193; Vol. 1, American Law of Zoning, Anderson, § 4.03. This deficiency is in the nature of a failure of due process. Masters v. Pruce, 1973, 290 Ala. 56, 274 So.2d 33; Gilgert v. Stockton Port. Dist., 7 Cal.2d 384, 60 P.2d 847; Sikes v. Pierce, 212 Ga. 567, 94 S.E.2d 427; Vol. 1, American Law of Zoning, Anderson, §§ 4.03, 4.11. In other words, notice to the populace and an opportunity to be heard. And, even though not presented in the trial court nor in the briefs on appeal, it is something that is apparent on the record and constitutes fundamental departure, cognizable by this court at this time. Townsend v. Beck, 140 Fla. 553, 192 So. 390; City of Palm Beach v. Cowart, Fla.App. 1970, 241 So.2d 748; Sanford v. Rubin, Fla. 1970, 237 So.2d 134.
Although, by this opinion, we are reversing the action of the chancellor in upholding this section of Ordinance No. 69-29, this will only relate to sub-section K of that Ordinance as it pertains to high-rise, multiple-family improvements and does not affect any other section of Ordinance No. 69-29, the ordinance being severable. Of course, there is nothing to prevent the present City Commission, after appropriate notice and upon appropriate readings, from adopting such a provision at the present time as a valid amendment to Ordinance No. 69-29. However, upon the record on appeal the final judgment here under review be and the same is hereby reversed, with directions to enter a final judgment in favor of the plaintiff in accordance with the views expressed above.
Reversed and remanded, with directions.
NOTES
[1] Ch. 29193, Laws of Fla. 1953, Special Act, Ch. G., Art. II,

"Sec. 4. Method of Determining Zones and Districts. The City Commission shall provide for the manner in which such regulations and restrictions and the boundaries of such district shall be determined, established and enforced and from time to time amended, supplemented or changed. However, no such regulation, restriction or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen (15) days notice of the time and place of such hearing shall be duly given by publication in a newspaper of general circulation in said city."
[2] "Sec. 8. Ordinance enactment  Generally.

"* * * No ordinance, unless it shall be an emergency measure, shall be passed until it shall have been read at two regular meetings, not less than one week apart, or unless the requirement of such reading has been dispensed with by unanimous vote of the Commission. * * *"
[3] "K. R-2H Large Hotel, Motel and Multiple-Family District  The H-2 District is intended to apply to an area predominantly developed with large hotels, motels and multiple-family dwellings or by its location, trend of development or planned development designated in the Comprehensive Plan (or Land Use Plan) is appropriate to such uses."

* * * *