335 So.2d 333 (1976)
CITY OF ST. PETERSBURG, a Municipal Corporation, and Political Subdivision of the State of Florida, Appellant,
v.
James R. NORRIS et al., Appellees.
No. 75-1751.
District Court of Appeal of Florida, Second District.
June 30, 1976.
Rehearing Denied July 23, 1976.
Carl R. Linn, City Atty., St. Petersburg, for appellant.
Michael H. Gora, of Wolff, Gora & Panza, Fort Lauderdale, for appellees.
BOARDMAN, Acting Chief Judge.
In this interlocutory appeal, appellant/defendant asserts that the trial court erred in denying its motion for summary judgment. We agree and reverse.
The appellees/plaintiffs, on behalf of themselves and fellow police officers, claimed to be entitled to overtime wages for the years 1968 through 1972. Appellees filed an amended complaint against the appellant city seeking declaratory relief including money damages and an accounting. Appellees alleged that beginning May 6, 1968, hourly employees of the city, such as sanitation workers, were paid time and one-half for all hours in excess of 40 per week while other city employees, including the appellees who were paid on a biweekly basis, received either compensatory time off or regular rate of pay for their overtime work. Stating that the sanitation workers and police officers had been grouped in similar job classifications under the civil service regulations dating back to 1937, appellees contended that the city's differential in pay rate between its police and sanitation workers was, therefore, discriminatory *334 and constituted an arbitrary, capricious and unreasonable classification. The appellant city denied all material allegations in the appellees' amended complaint and filed affirmative defenses of statute of limitations, estoppel and laches. In view of the merit we find in the appellant city's asserted defense of laches, we do not reach the discrimination issue.
We mention that we are well aware of the law established in prior cases that on a motion for summary judgment the burden is on the moving party to show absence of any genuine issue as to any material fact, and that all doubts and inferences must be resolved against the movant. See Holl v. Talcott, Fla. 1966, 191 So.2d 40; Booth v. Mary Carter Paint Co., Fla.App.2d, 1966, 182 So.2d 292. We believe that the appellant has met its required burden of proof. In the pretrial conference order, the judge determined that:
5. The parties stipulated the following facts: Authenticity of documents attached to Complaint (Request for Admission). That this trial is to determine liability of City for overtime, if found, accounting may be stipulated or trial held on amount of wages.
* * * * * *
18. Other aids to expedite case: Trial on liability alone since accounting is near impossibility and should not be done until liability, if any, is determined and appeal, if any is determined.
Upon review of the record, including the briefs, pleadings, affidavits, exhibits, stipulations and oral arguments of counsel, we hold that this case in its present posture is a proper one for final disposition on grounds of laches. After a careful consideration of all the forms of evidence, we believe that reasonable men would not draw conflicting inferences of fact as to the severe impact and financial dilemma that would result to the city treasury and, as a consequence, to the taxpayers of the city, should appellant be required to pay overtime compensation for periods prior to the fiscal year when the claims were asserted. See Baskin v. Griffith, Fla.App.1st, 1961, 127 So.2d 467. The city must appropriate sums annually for prospective financial needs of the municipality and at that time must adopt the revenue measures necessary to fund those requirements. Although we thoroughly recognize that the issue presented here is one of great economic importance to a group of highly dedicated public servants, the prejudice caused to the City of St. Petersburg by the delay in bringing this suit is overwhelming and cannot be regarded as insignificant. See Van Meter v. Kelsey, Fla. 1956, 91 So.2d 327; Reed v. Fain, Fla.App.2d, 1960, 122 So.2d 322.
Additionally, the law is well established that the statute of limitations may be used as a guide in considering whether laches bars a cause of action in equity. See, e.g., H.K.L. Realty Corporation v. Kirtley, Fla. 1954, 74 So.2d 876. The applicable statute here, Fla. Stat. § 95.11(7)(b), (1973), states that:
... [a]ctions other than those for the recovery of real property can only be commenced as follows:
* * * * * *

(7) Within one year. [1]
* * * * * *
(b) Suits for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime.
Appellees, who did not assert their claim until six years after the first contested pay period in 1968 and almost one and one-half years after the last in 1972, have failed to point to any equitable considerations to justify that delay. Appellees delayed in asserting their rights and, under the particular circumstances of this case, prejudice would result to the appellant if appellees were granted the prayed for relief. Therefore, this action is barred by laches.
*335 REVERSED and REMANDED with directions to the trial court to enter a final summary judgment in favor of the appellant, City of St. Petersburg.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] We are aware that the present statute now allows such action to be filed within two years.