HATCHETT, Justice.
When Mr. Green’s house burned down, appellees and another insuror became obligated to make the loss good. Appellant sued Green, brought in appellees as garnishees, and eventually secured default judgments against them. When appellees prevailed on motion for rehearing, appeal was taken to the District Court of Appeal, Second District. We now transfer the cause back to that court for decision on the merits.
The parties sought to invoke the jurisdiction of this Court because the trial court ruled Section 77.031, Florida Statutes (1975) unconstitutional. See generally Unique Caterers, Inc. v. Rudy’s Farm Co., 338 So.2d 1067 (Fla., 1976). Here, as in Hillsborough County Aviation Authority v. Walden, 196 So.2d 912 (Fla.1967) on retransfer 210 So.2d 193 (Fla.1968), the “trial judge did do this but his holding has never been assigned as error nor has it ever been argued in any appellate brief.” At 913. In the present ease, moreover, the appellant alleges in an assignment of error that the unconstitutionality of the statute “was irrelevant to [the] determination” being appealed. Accordingly, the cause is transferred to the District Court of Appeal, Second District. Hillsborough County Aviation Authority v. Walden, supra; Roberts v. State, 181 So.2d 646 (Fla.1966); City of Miami v. Steckloff, 111 So.2d 446 (Fla.1959).
OVERTON, C. J., and ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
ROBERTS, J., dissents.