MILLER, ROBERT P., Associate Judge.
Appellants, police officers of the City of Fort Lauderdale, filed suit against the City of Fort Lauderdale seeking a declaratory judgment as to their right to receive overtime pay under the applicable provisions of the City Ordinances relating to that subject matter. The suit further sought an accounting for all such monies due. This appeal is from a summary judgment granted in favor of the City.
The Amended Final Summary Judgment to which this appeal is taken reads as follows:
“THIS CAUSE having come to be heard on Defendant’s Motion for Summary Judgment and the Plaintiffs having been duly noticed for the hearing on said Motion, and the Court having considered the pleadings and the file in this cause and having heard argument of counsel and being otherwise fully advised in the premises, the Court finds:
“1. That there is no genuine issue as to any material fact.
“2. That the Plaintiffs and the class they purport to represent are full time police officers of the City of Ft. Lauder-dale, Florida, and as such are public officers entitled to such compensation as is provided by law.
“3. That Section 2-29.7, City Ordinances, Ft. Lauderdale, Florida, is permissive and not mandatory, and to construe it otherwise when read as a whole would be a strained judicial construction contrary to legislative intent apparent in the language of the ordinance.
Accordingly, it is hereby
ORDERED and ADJUDGED that Defendant’s Motion for Summary Judgment be and the same is hereby granted.”
*1195 Section 2-29.7, City Ordinances of the City of Fort Lauderdale, reads as follows:
“Section 2-29.7 Overtime
“As a general rule, the requirement of frequent and considerable overtime services in a department shall be considered evidence of understaffing or improper organization and shall be subject to review by the City Manager.
“Overtime work shall include only that work performed by employees at the direction of a department head or his authorized representative, which, as a part of a single tour of duty or by reason of a call-back exceeds the number of hours constituting the established work day and work week for the class and for the department.
“Records of all overtime worked shall be kept by the department head and reports thereof shall be made to the Personnel Director on the form and in the manner prescribed.
“Employees required to work overtime may be granted compensatory time off or may be compensated for such overtime provided that:
(a) The class of work is not excepted from entitlement to overtime compensation in Section 2-25, Schedule IV; or, overtime compensation is specifically authorized by the City Manager because of unforeseen, unusual or emergency conditions requiring considerable overtime services.
(b) Wherever feasible, the department head shall grant compensatbry time off to such an employee. Compensatory time may not be cumulative beyond three months from the time earned.
(c) Where it is not feasible to permit the absence of the employee for the purpose of taking such compensatory time off, the department head may, with the prior approval of the Personnel Director, pay the employee for the time served provided there are funds available in the personal services account of the annual departmental appropriation.
(d) Where case payments are to be made for overtime worked, such payment shall be on an hourly basis and the hourly rate shall be computed by dividing the biweekly period and adjusting to the nearest cent.
(e) Entitlement to compensatory time off or cash payment for overtime hours worked shall be for one and one-half times the overtime hours actually worked.
(f) Employees required to perform work on regularly scheduled holidays may be granted compensatory time off or cash payment for the hours actually worked in addition to any holiday pay to which they may be entitled.”
Appellant urges, among other things, that the lower court’s holding that this portion of the City’s pay plan was permissive only was erroneous. We agree and reverse.
We hold that the following language of the above quoted Ordinance, to-wit: “Employees required to work overtime may be granted compensatory time off or may be compensated for such overtime . . .” is not merely permissive but directory and requires that all employees, who otherwise qualify, who work “overtime” as defined shall receive one or the other. Such interpretation is consistent with the language of Subsection (b) of said section which uses the word “shall.” See also Subsections (d) and (e).
A pay plan for a city which is only permissive and subject to the whims of the governing bureaucracy would be meaningless. We find that this section defines for the employees of that City their rights to compensation for “overtime” and the only meaningful interpretation is that it is mandatory.
This is not the first time that the word “may” has been held to be mandatory. See State v. City of Sebring, 115 Fla. 176, 155 So. 669, 672 (1934), where it was held that the phrase “A special tax may be levied was mandatory and not merely permissive under certain circumstances. In Seaboard Air Line Ry. Co. v. Wells, 100 Fla. 1027, 130 So. 587, 593 (1930), the court said:
“The section of the statute above referred to uses the word ‘may’ in designating the matters to be taken into consideration by the commission upon an applica *1196 tion; but this court has held that, where a statute says a thing ‘may’ be done by a public official which is for the public benefit, it is to be construed that it must be done. Mitchell v. Duncan, 7 Fla. 13; Jones v. State, 17 Fla. 411; Weston v. Jones, 41 Fla. 188, 25 So. 888. See also Graham v. City of Tuscumbia, 146 Ala. 449, 42 So. 400; Brokaw v. Com’rs of Highways of Bloomington Tp. (People ex rel. Brokaw v. Commissioners of Highways), 130 Ill. 482, 22 N.E. 596, 6 L.R.A. 161.”
For a similar use of the word “may” in another overtime rule see Metropolitan Dade County v. Maddox, 242 So.2d 165 (Fla.3d DCA 1970).
For the reasons stated above the Amended Final Summary Judgment below is reversed and this case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ALDERMAN, C. J., and CROSS, J., concur.