387 So.2d 518 (1980)
Norman D. PERRY and Randy D. Trout, Appellants,
v.
The CITY OF FORT LAUDERDALE, a Municipal Corporation, Appellee.
No. 79-1061.
District Court of Appeal of Florida, Fourth District.
September 3, 1980.
*519 Robert L. Beals of DiGiulian, Spellacy & Meyer, Fort Lauderdale, and William C. Owen, Jr., of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellant-Norman D. Perry.
Marilyn Pardo Liroff of Weaver & Weaver, P.A., Fort Lauderdale, for appellant-Randy D. Trout.
Donald H. Norman of Ross, Norman & Cory, P.A., and Philip Shailer, City Atty., Fort Lauderdale, for appellee.
HERSEY, Judge.
This is a class action brought by members of the Fort Lauderdale Police Department against the city for overtime pay. The complaint sought declaratory and supplemental relief. At issue was the proper interpretation to be placed upon a city ordinance establishing wage categories, definitions and related matters. Collateral issues include laches, statute of limitations, waiver, estoppel, and failure to exhaust administrative remedies.
The trial court granted summary final judgment in favor of the city on the basis that: (1) claims for overtime wages for periods more than one year prior to commencement of the action were barred by *520 the statute of limitations. § 95.11(5), Fla. Stat. (1979); (2) claims were barred as to all pertinent time periods (including the one year period) by laches, City of St. Petersburg v. Norris, 335 So.2d 333 (Fla. 2d DCA 1976); (3) the action was precluded by appellants' failure to exhaust their administrative remedies; and (4) in any event, under the ordinance, appellants were not entitled to compensation for overtime work.
We agree that the one-year statute of limitations applies. We disagree with the remaining determinations of the final judgment and therefore reverse.
Even if laches barred appellants from collecting arrearages in overtime pay, it would be no bar to a declaration, operating prospectively only, that police officers are to be compensated for overtime work. Certainly no prejudice to the city could be shown to be occasioned by delay under those circumstances. But more to the point, we reject both grounds advanced for the application of laches here. First, reliance on City of St. Petersburg v. Norris, supra, is inappropriate. That case involved compensation for overtime accrued during a period of time which terminated almost a year and a half before the action was filed. While the time frame involved in the present case originally included a similar period, we eliminated that period by application of the statute of limitations, leaving at issue only the year in which suit was filed and subsequent years. Thus, we do not have here, at least in the same degree, the question which was before the court in the Norris case, requiring a balance to be drawn between "the severe impact and financial dilemma that would result to the city treasury and, as a consequence, to the taxpayers of the city," and the great economic importance of this issue to "a group of highly dedicated public servants."
As an additional basis for application of the affirmative defense of laches much emphasis was placed on the fact that no funds have been budgeted by the city for payment of overtime wages to employees in the category here under consideration. The brunt of that argument has been met by narrowing the time periods as a result of application of the statute of limitations. Furthermore, we are reluctant to accept the argument that a municipality may enact an ordinance or enter into a contract calling for the payment of money and then may avoid such obligations by failing to budget an appropriate amount.
Next, the city maintains and the trial court held that appellants cannot prevail because of their failure to exhaust administrative remedies. However, there is no affirmative administrative action involved here. There is no "grievance" as that term is used to define a problem which must wend its way through the administrative mill. The city has taken one view of its ordinance; appellants take the opposite view. What is at stake is the proper interpretation to be placed on the ordinance, a matter of statutory construction and therefore, a matter for the courts. There can be no question that an action for declaratory relief is the appropriate method for questioning the interpretation of a municipal ordinance. § 86.021, Fla. Stat. (1979); R-C-B-S Corporation v. City of Atlantic Beach, 178 So.2d 906 (Fla. 1st DCA 1965). The judgment appealed from is erroneous in this regard.
We come, then, to the paramount issue: whether appellants are entitled to compensation for overtime work under the city ordinance.
This issue has been before us previously, in a slightly different context. In Perry v. City of Fort Lauderdale, 352 So.2d 1194 (Fla. 4th DCA 1977), we reversed a summary final judgment in favor of the city and construed the ordinance in question as mandatory rather than permissive.
For clarity we set out here that part of the ordinance which is pertinent to this appeal:
Employees required to work overtime may be granted compensatory time off or may be compensated for such overtime provided that:
(a) The class of work is not excepted from entitlement to overtime compensation *521 in Section 2-25, Schedule IV; or, overtime compensation is specifically authorized by the City Manager because of unforeseen, unusual or emergency conditions requiring considerable overtime services.
In the previous case, Perry v. City of Fort Lauderdale, supra at 1195, we stated:
We hold that the following language of the above quoted Ordinance, to-wit: "Employees required to work overtime may be granted compensatory time off or may be compensated for such overtime ..." is not merely permissive but directory and requires that all employees, who otherwise qualify, who work "overtime" as defined shall receive one or the other. Such interpretation is consistent with the language of Subsection (b) of said section which uses the word "shall." See also Subsections (d) and (e).
A pay plan for a city which is only permissive and subject to the whims of the governing bureaucracy would be meaningless. We find that this section defines for the employees of that City their rights to compensation for "overtime" and the only meaningful interpretation is that it is mandatory.
It is the city's position that appellants fall within that class of employees excepted from entitlement to overtime compensation by Section 2-25, Schedule IV, of the ordinance. The schedule contemplates three classes of employees (plus a few employees on strictly an hourly basis). In one class, the employees are considered to be entitled to be fully compensated for overtime. Employees of another class are considered excepted from the entitlement to additional compensation for overtime. Between these two extremes are appellants, in a class to which the following legend is applicable:
Employees in these classes will receive no official compensatory time off for overtime hours worked. Time off as compensation for overtime hours worked may be granted informally but not necessarily on an hour for hour basis.
We count forty-seven types of employees or jobs on the schedule. Twenty of these are in the same category as appellants. The ordinance could fairly be interpreted as providing that these employees are not entitled to monetary compensation for overtime but that they may receive compensation in the form of time off, but not necessarily on an hour for hour basis. As stated above, we have previously held that such a scheme, being only permissive and therefore subject to the whims of the governing bureaucracy, is meaningless and therefore invalid. Perry v. City of Fort Lauderdale, supra. It would indeed be an anomaly if, by creating a class of employees comprising almost one-half of all job types listed on the schedule (20 out of 47), the city could accomplish as to some what we have already determined may not legitimately be accomplished at all. To so construe the ordinance would require that we declare it invalid. On the other hand, if there is a reasonable interpretation that may be placed on a statute which would render it valid we are bound to adopt that construction. City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950); State ex rel. Register v. Safer, 368 So.2d 620 (Fla. 1st DCA 1979). We believe that such a possibility exists in this case. There are some types or classes of municipal employees who hold sensitive jobs or for whose specialty no ready back-up exists. Or it may simply not always be expedient either to replace or to do without some employees in order to permit compensatory time off. The ordinance is hereby construed as permitting, as to employees in this particular class, such combination of wages or compensatory time off as may be appropriate. Any other interpretation would invite attack on various constitutional grounds.
We have not been insensitive to the overtones in this case of burdening the taxpayers of the city by requiring payments for overtime wages for the period one year prior to commencement of this action to the present. At the same time, however, we could not fail to note that the proper interpretation of the language of the ordinance has been in question, at least in the minds of some, for a period in excess of ten years. *522 During that period neither employer nor employee could say with any degree of certainty whether overtime was compensable and if so in what manner. Rather than clarify the issue by the simple expedient of amending the ordinance, the city chose to await the outcome of this litigation. We do not here condemn that decision; we simply point to it as the proximate cause for several years' arrearages in overtime wages which, under an appropriately amended ordinance, either would have been paid as earned after being budgeted for, or would not be in issue here because properly excluded. In either event, an applicant for a position as a police officer initially, and those already employed in that capacity, and others similarly situated would have known whether or not they were to be compensated for overtime work. Fundamental fairness would seem to require as a minimum at least that degree of certainty. The equities, then, are not all with the taxpayers.
For the reasons stated we reverse the final judgment and remand with instructions that judgment be entered for appellants and for such other proceedings as may be necessary and appropriate to provide declaratory and complete supplemental relief to appellants. Such relief shall include an order directing the city to pay appellants the overtime wages to which they are entitled, beginning one year prior to commencement of this suit.
REVERSED and REMANDED.
LETTS, C.J., and HURLEY, J., concur.