PER CURIAM.
The appellants are employed by Dade County as law enforcement officers in the Metro-Dade Police Department, formerly known as the Dade County Public Safety Department. In a class action brought on behalf of themselves and some two thousand or more law enforcement officers similarly situated, the officers sought a declaration of their past and future entitlement to receive and retain the witness pay authorized by Sections 92.141 and 92.142, Florida Statutes (1979), which, during the approximate three years preceding the institution *296 of the suit and presumably during its pend-ency, the officers had, pursuant to a Public Safety Department Rule promulgated in April 1977, returned to the County.
Sections 92.141 and 92.142, Florida Statutes (1979) (formerly Sections 90.14 and 90.-141, Florida Statutes (1977), provide:
“92.141 Law enforcement officers; per diem, expenses; witnesses, pay. — Any law enforcement officer of any municipality, county or the state who shall appear as an official witness to testify at any hearing or law action in any court of this state as a direct result of his employment as a law enforcement officer shall be entitled to per diem and traveling expenses at the same rate provided for state employees under s. 112.061. In addition thereto, such officer shall be entitled to receive the daily witness pay, exclusive of the mileage allowance, as provided by s. 92.142, except when such officer is appearing as a witness during time compensated as a part of his normal duties, (emphasis added).
“92.142 Witnesses; pay. — Witnesses in all cases, civil and criminal, in all courts, now or hereafter created, and witnesses summoned before any arbitrator or master in chancery shall receive for each day’s actual attendance $5 and also 6 cents per mile for actual distance traveled to and from the courts. ... ”
The Rule of the Dade County Public Safety Department (Section 6, Part I, sub-part B of Court Activities No. 4-15, Standard Operating Procedures) (hereafter, the Rule) states:
“Off-Duty:
“1. Employees are entitled to the daily fee when the subpoena is fulfilled on personal time. When the witness fee is accepted, overtime or compensatory time shall not be requested.
“2. If overtime or compensatory time is requested, the employee will deliver the witness fee, endorsed to Metropolitan Dade County, to the Business Management Section and obtain a receipt.”
The trial court declared that the Rule did not violate or deprive the appellants of any rights accorded them by Sections 92.141 and 92.142, Florida Statutes.[1] From this adverse judgment, the officers appeal.
The trial court found that the Rule promulgated by the Public Safety Department does not violate or deprive the officers of any rights under Sections 92.141 and 92.142, Florida Statutes. This finding that the Rule is valid vis-a-vis the statute answers the only question which the officers posed in their action for declaratory relief.[2] As *297 the County correctly points out, there is nothing inherently offensive about giving its police officers the choice of retaining the statutory witness fee or accepting greater overtime compensation for off-duty court appearances.
The officers argue, however, that an opinion of the Attorney General, Op.Atty. Gen. 077-108, October 18,1977, which states that a city “may not require that officers remit their witness fees to the city in return for overtime pay received,” supports their position. Even were we to accord the opinion great weight in construing the law of this State, State Dept. of Citrus v. Office of the Comptroller, 416 So.2d 820 (Fla. 2d DCA 1982); Richey v. Town of Indian River Shores, 337 So.2d 410 (Fla. 4th DCA 1976); Beverly v. Division of Beverage of Dept. of Business Regulation, 282 So.2d 657 (Fla. 1st DCA 1973), we think that the further language in the opinion that “there is no prohibition against [the City] paying an amount over and above the witness pay calculated ... as the difference between the witness fee and the amount that would be received at time-and-a-half the normal salary paid” undercuts the officers’ position. As the County notes, the option it has provided by Rule does not require the return of witness fees and, if the officers choose the overtime pay, the option is the functional equivalent of paying them the difference between the witness fee and the amount that would be received at the overtime rate.
Affirmed.

. The trial court also found that the officers’ claims were barred by laches. The County argues that because the appellants have not in any manner made the laches finding an issue on appeal, the point is abandoned, Hillsborough County Aviation Authority v. Walden, 196 So.2d 912 (Fla.1967); City of Miami v. Steckloff, 111 So.2d 446 (Fla.1959); Indianapolis Morris Plan Corp. v. Portela, 364 So.2d 840 (Fla. 3d DCA 1978); Morris v. Connecticut General Life Insurance Co., 346 So.2d 589 (Fla. 3d DCA 1977); Time Insurance Co. v. Arnold, 319 So.2d 638 (Fla. 1st DCA 1975), and the judgment can be affirmed on this ground alone. The laches finding, however, bars only those claims for the return of witness fees paid to the County from 1977 (when the Rule went into effect) to the date of the trial court’s judgment. The trial court’s laches finding, consistent with applicable law, does not purport to deny, on laches grounds, prospective relief. See Perry v. City of Fort Lauderdale, 387 So.2d 518 (Fla. 4th DCA 1980) (even if laches is a bar to collection of arrearages in overtime pay, it is no bar to declaration that employees in future are to be compensated for overtime); State ex rel. Henderson v. Foley, 118 Fla. 885, 160 So. 522 (1935) (laches, at most, bars recovery of moneys already paid to the county during past accounting periods; it does not set up a binding rule as to future payments). We therefore must determine whether the judgment, insofar as it denies prospective relief, is otherwise supportable on another ground.

. We make clear that neither the trial court nor we were ever squarely presented with the questions of whether the Rule was in derogation of rights given the officers under their collective bargaining agreement with the County; whether the Rule was in conflict with the agreement and was therefore superseded by the very terms of the agreement; whether, in such event, a modification of the agreement (which must be supported by the passing of new consideration or a justified reliance by the County on the officers’ conduct as a consideration substitute) occurred when the officers acceded to the rule. We discern oblique references to *297 these matters in the briefs on appeal, but neither the trial court nor we were called upon to decide them.