HERSEY, Judge.
In this class action the county appeals from a judgment requiring it to refund $790,435.00 collected from attorneys as occupational license fees from 1980 to 1984.
Section 205.032, Florida Statutes (1972), allowed counties to levy an occupational license tax, provided that: 1) fifteen days’ notice is given by the county between the first and last readings of the resolution or ordinance, in a newspaper of general circulation; and 2) the notice contains proposed classifications and tax rates. Pursuant to the statute, appellant properly levied an occupational license tax by adopting Bro-ward County, Florida, Ordinance 72t-13.
In 1980 the statute was amended to allow counties to increase the tax. Appellant thereupon doubled occupational license taxes (Broward County, Fla., Ordinance 80-64). However, appellant did not publish the full ordinance between the first and last readings, nor did the notice set forth the classifications and rates applicable, reciting only the title of the proposed ordinance. The trial court ruled that the ordinance was void for failure to comply with the notice requirements of the statute.
Appellant argues that its failure to follow the procedure set forth in section 205.032, Florida Statutes (1981), did not render the ordinance invalid, because the procedure was not required. However, the statute recites that the county shall give notice at a certain time in the newspaper, and the notice shall set forth the classifications and rates.
In Skaggs v. City of Key West, 312 So.2d 549 (Fla. 3d DCA 1975), the city charter required that the city publish notice of a *795 proposed ordinance in the newspaper, and read the ordinance twice before passage. The court therefore declared an ordinance amendment void where it was not read twice. “This deficiency is in the nature of a failure of due process.” 312 So.2d at 552 (citations omitted). See also Bal Harbour Village v. State ex rel. Giblin, 299 So.2d 611 (Fla. 3d DCA 1974) (ordinance passed without publication of notice was invalid where enacted pursuant to statute requiring publication), cert. denied, 311 So.2d 670 (Fla.1975).
Since the statute required procedures which appellant did not follow, the trial court correctly held the ordinance invalid.
Turning, then, to the issue of re-fundability of taxes paid pursuant to the invalid ordinance, it is the county’s position that the members of the class should have been required, as a condition precedent to obtaining refunds, to show that the occupa-. tional license payments were made under protest. We do not agree.
In Broward County v. Mattel, 397 So.2d 457 (Fla. 4th DCA 1981), we held that if a tax is paid involuntarily, a refund may be obtained even in the absence of a statute providing for same. The penalties for not paying occupational license taxes under that statute were institution of criminal charges and imposition of an injunction to prevent the practice of law. This court held that: “The general rule is that payment of an illegal tax, even without protest, in order to avoid forfeiture of the right to do business is not a voluntary payment.” 397 So.2d at 459-60. We concluded that payment of a tax is involuntary where the penalty for nonpayment is so severe that it constitutes coercion and duress. See also City of Miami v. Florida Retail Federation, Inc., 423 So.2d 991 (Fla. 3d DCA 1982) (where nonpayment of occupational license tax subjected taxpayer to $500 daily fine, 60 days in prison, and civil penalties, payment of tax was held involuntary). A similar result necessarily follows here so that members of the class were not required to conform to the formalities of “payment under protest.”
Appellant-county next argues that refunds should not be required because the funds generated by the tax have obviously long since been expended, at least for prior years. We reject this argument as well.
In Coe v. Broward County, 358 So.2d 214 (Fla. 4th DCA 1978), aff'd, 376 So.2d 1222 (Fla. 4th DCA 1979), the county argued against refund because the collected taxes had already been spent. This court disagreed, reasoning that even if the refund costs the county a great deal compared to the benefits to the taxpayer, that factor alone is insufficient to deny the refund.
If this factor alone is to be determinative of the issue, then the taxpayer would almost never be entitled to refunds of illegally assessed taxes, since there will always be relatively high administrative costs in processing tax refunds.... A taxing authority must demonstrate more than the mere expense of processing refunds in order to deny the taxpayers their right to a refund of the illegally assessed taxes.
358 So.2d at 217. See also Broward County v. Mattel, 397 So.2d 457 (Fla. 4th DCA 1981) (county’s argument that the subject funds had been disbursed to the municipalities and were no longer in the treasury was unsuccessful).
Appellant’s final argument, that laches should bar refunds for the earlier years of the illegal tax, has some merit.
Appellees brought suit in June 1983, nearly three years after Ordinance 80-64 was passed. The trial court’s judgment reaches the taxes collected from 1980 through 1984, which prejudices appellant because it has already collected and disbursed the money according to the annual budget for each of those years.
In Devine v. Department of Professional Regulation, Board of Dentistry, 451 So.2d 994 (Fla. 1st DCA 1984), the court listed four requirements for laches: 1) conduct by defendant giving rise to the complaint; 2) plaintiff, with knowledge or notice of defendant’s conduct, fails to assert *796 his rights by suit; 3) lack of knowledge by defendant that plaintiff will assert his rights; and 4) injury or prejudice to defendant in the event relief is accorded to plaintiff.
In Perry v. Metropolitan Dade County, 427 So.2d 295 (Fla. 3d DCA), rev. denied, 434 So.2d 888 (Fla.1983), county employees sued to receive and retain witness fees authorized by statute which, during the preceding three years, they had returned to the county pursuant to a rule promulgated in 1977. The court held that the claims were barred by laches. See also City of St. Petersburg v. Norris, 335 So.2d 333 (Fla. 2d DCA 1976) (city employees’ claims barred by laches where they were brought six years after first contested pay period and prejudice would result to city due to its previous annual appropriations from its budget), cert. denied, 344 So.2d 325 (Fla.1977).
We therefore conclude that laches should be applied in this case only to the years before suit was filed — 1980-81 and 1981-82. Perry v. City of Fort Lauderdale, 387 So.2d 518 (Fla. 4th DCA 1980). That case involved the same time period as Norris, 335 So.2d at 333, but the court applied the statute of limitations to eliminate the early' years, leaving at issue only the year in which suit was filed and subsequent years.
Appellees in this case did not delay in bringing suit against appellant once they contested the tax for 1982. However, lach-es applies as to the years before 1982, in view of the unreasonable delay in contesting the ordinance.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DELL and WALDEN, JJ., concur.