## TAMPA FARM SERVICE, INC. v PASCO COUNTY
### Case No. 87-003488CA
Sixth Judicial Circuit, Pasco County

September 22, 1989

### APPEARANCES OF COUNSEL
**Wallace Anderson, Jr.,** for plaintiff.
**Karla Stetter,** for defendant.

### OPINION OF THE COURT
WAYNE L. COBB, Circuit Judge.

### *ORDER PARTIALLY GRANTING MOTION FOR SUMMARY JUDGMENT*

The Plaintiff in this action is involved in farming at several locations. It raises hay, cattle and swine on its Pasco County farm. It also spreads on its Pasco County farm chicken manure that is produced on its poultry farm in Hillsborough County. Several of the farm's neighbors have complained to Pasco County about the odors and flies emanating from the Plaintiff's Pasco County farm. Pasco County responded by citing the Plaintiff for violating several Pasco County ordinances. The Plaintiff then brought these consolidated actions seek-

ing a declaratory judgment of its rights and responsibilities and for an injunction prohibiting the County from enforcing these ordinances against it.

The Plaintiff's motion for summary judgment was heard by the court. After careful consideration of the motion and the written and oral arguments of the attorneys, the court finds as follows:

The Plaintiff is properly before this Court. The Plaintiff is entitled to a declaration of its rights in this matter under Chapter 86 of the Florida Statutes. See *Perry v City of Fort Lauderdale,* 387 So.2d 518 (4th DCA 1980); *Durand v Metropolitan Dade County,* 472 So.2d 865 (3d DCA 1985); *R-C-B-S Corporation v City of Atlantic Beach,* 178 So.2d 906 (1st DCA 1965).

This court finds no impropriety by the attorney for the County in contacting Professor Nordstedt.

This court finds that the operation of the Plaintiff in Pasco County is a "farm operation" as defined by Section 823.14(3), Florida Statutes, which is known as Florida Right To Farm Act. Therefore, if the Plaintiff's farm meets conditions numbered (1), (2), and (3) below, and, unless excluded by any of the other conditions contained in sub-sections (4) and (5) of the Act, the Plaintiff's operation is protected by the Act from being determined to be either a public or a private nuisance.

It appears that sub-sections (4) and (5) contain five conditions:

(1) The farm must have been in operation for one year or more. [§ 823.14(4)(a)]

(2) The farm must not have been a nuisance at the time it was established. [§ 823.14(4)(a)]

(3) The farm operation must conform to generally accepted agricultural and management practices. [§ 823.14(4)(a)]

(4) The farm operation must not violate any of the conditions listed in Section 823.14(4)(a) of the Act which are:

"1. The presence of untreated or improperly treated human waste, garbage offal, dead animals, dangerous waste materials, or gasses which are harmful to human or animal life.

"2. The presence of improperly built or improperly maintained septic tanks, water closets, or privies.

"3. The keeping of diseased animals which are dangerous to human health, unless such animals are kept in accordance with a current state or federal disease control program.

103

"4. The presence of unsanitary places where animals are slaughtered, which may give rise to diseases which are harmful to human or animal life."

And (5), if the farm was adjacent to an established homestead or business on March 15, 1982, then the farm operation must not have increased the noise, odor, dust, or fumes resulting therefrom. [§ 823.14(5)]

The Plaintiff argues for a different construction of sub-section (5) of 823.14. The Plaintiff argues that sub-section (5) should be construed to require the Plaintiff to establish only that it has not changed the type of farm operation to one that is more excessive than existed on March 15, 1982. Although the syntax of sub-section (5) is not a jewel of grammatical virtue, when read in connection with sub-section (4)(a), it must be construed to exclude from protection of the Act any significant increase since March 15, 1982, in the "noise, odor, dust, or fumes" produced by the farm operation.

Furthermore, if sub-section (5) of the Act were to be construed as suggested by the Plaintiff, the State might be liable for a "taking" under Article X, Section 6 of the Florida Constitution of the property of an owner of an adjacent homestead or business existing on the date the Act became law (which was March 15, 1982), if the increase in "noise, odor, dust, or fumes" from the farm operation was sufficient to render the adjacent property unfit to use as a homestead or business. There are also constitutional limitations on the power of the State to make lawful things that otherwise would be public or private nuisances. *[Thrasher v Atlanta,* 178 Ga. 514, 173 SE 817, 99 ALR 158, 58 Am Jur 2d 1025, "Nuisances," § 464, eq seq.] It is doubtful that the legislature has the power under our constitution to authorize a thing which would destroy or materially impair the morals, health, or safety of the people.

It is of academic interest to compare sub-sections 1-4 of Section 823.14(4)(a) with sub-sections (a)-(f) of Section 386.041(1), Florida Statutes. Section 386.041 is a part of a section of the Statutes dealing with public health and is titled "Nuisances Injurious To Health." The conditions listed in sub-sections 1-4 of 823.14(4) mimics the conditions listed in sub-sections (a)-(f) of 386.041(1) except that 823.14(4)(a) does not contain condition (e) of 386.041(1) which reads as follows: "The creation, maintenance, or causing of any condition capable of breeding flies, mosquitoes, or other anthropoids capable of transmitting diseases, directly or indirectly to humans."

The Florida Right To Farm Act pre-empts any county ordinance

104

with which there is a conflict [Art. VIII(f), Fla. Constitution.] Pasco County Ordinances numbered 87-22 "Waste Disposal Ordinance," 23-13 "Storage Ordinance" and 5-3 "Landfill Ordinance" are all pre-empted by Section 823.14, Florida Statutes, in so far as there is any conflict. All of these ordinances are attempts by Pasco County to control nuisances and therefore may not be enforced against such farming operations as are protected by Section 823.14, Florida Statutes.

Section 4 of the Waste Disposal Ordinance attempts to narrow the definition of a "bona fide agricultural operation" but that attempt patently conflicts with the very broad definitions of "farm" and "farm operation" contained in sub-section 3 of the Florida Right To Farm Act. Section 4 of the Waste Disposal Ordinance is therefore in conflict with and pre-empted by Section 823.14(3), Florida Statutes.

There remains to be determined the factual question of whether the Plaintiff's operation meets all of the conditions contained in sub-sections (4) and (5) of the Act.

The parties have stipulated that the flies and odor emanating from the Plaintiff's farm to the adjacent residences have increased in recent years. The legislative scheme of th Florida Right To Farm Act seems to be that the increase in flies cannot be considered as a nuisance until they reach constitutional proportions, but the increase in odors can, if there were established homesteads or businesses adjacent to the farm on March 15, 1982. [§ 823.14(5), Fla. Stat.] If the Plaintiff cannot establish that its farm operation conforms to generally accepted agricultural and management practices and to the existence of conditions listed above as numbers (1) and (2), or, if the county can establish the existence of any of the conditions listed above as numbers (4) and (5), then the Florida Right To Farm Act will not be available to the Plaintiff as a defense to the enforcement against it of any of these three ordinances. In this action the Plaintiff bears the burden of proving that its operation conforms to generally accepted agricultural and management practices and the existence of conditions listed above as numbers (1) and (2), and the County bears the burden of proving the existence of any of the exclusionary conditions which are listed above as numbers(4) and (5). In attempting to carry its burden of proving that the farm operation conforms to generally accepted agricultural and management practices, the Plaintiff should be prepared to account for the increase in flies and odor without having had any increase in the number of chickens it raises. As the Florida Supreme Court said some years ago in a similar case:

"The duty rests upon . . . [the Plaintiff] to so conduct its business

105

that as far as is practical and available the annoyances necessarily incident to . . . [its] operation . . . should be reduced and minimized as [it] to use the most efficient known practical and available methods and facilities t this end." *National Container Corporation v State,* 189 So. 4, 12 (Fla. 1939).

The court further finds that Pasco County's "Waste Disposal Ordinance" (No. 87-22) is not unconstitutional on its face nor as applied to the Plaintiff except as stated above.

The Plaintiff's motion for summary judgment is hereby granted insofar as is indicated above, but otherwise is denied.

DONE AND ORDERED in Chambers, Dade City, Pasco County, Florida, this 22nd day of September, 1989.