PER CURIAM.
Robert Roth appeals the dismissal, with prejudice, of the amended complaint in this action for a declaratory judgment. Because this case properly pleaded the elements for a declaratory judgment, see Coalition for Adequacy and Fairness in School Funding, Inc. v. Chiles, 680 So.2d 400 (Fla.1996), we reverse and remand for further consistent proceedings.
Roth is the owner of a commercial unit of approximately 10,000 square feet in The Charter Club. When he purchased the unit in 1997, he applied for, and received from the City of Miami, a Class II Special Permit, a new zoning permit which included the requirement that 48 parking spaces be designated for the use of the commercial space (“minimum parking requirement for residential office use shall be one [1] space per three hundred [300] square feet”). Thereafter, The Charter Club allocated 48 spaces for the unit and Roth executed a document providing that the 48 spaces revert to The Charter Club if he sells the unit. Now Roth is in the process of selling the unit and there is a dispute between the parties over the parking spaces as well as some portion of the unit itself.[1]
The trial court dismissed the amended complaint based on The Charter Club’s argument that Roth failed to ex *1207 haust administrative remedies. There are no administrative remedies to exhaust, however, because Roth is not contesting anything having to do with the City of Miami’s decision regarding parking spaces for the unit. See Perry v. City of Fort Lauderdale, 387 So.2d 518 (Fla. 4th DCA 1980). Roth’s action for declaratory judgment asks whether the City-awarded Class II Special Permit requires The Charter Club to continue to allocate 48 parking spaces to the unit even if it is sold to a new buyer. Roth says the answer is yes; The Charter Club takes the opposite view that the 48 spaces do not run with the unit, and revert to the Club upon sale of the unit.
The Declaratory Judgment Act is to be liberally construed, Olive v. Maas, 811 So.2d 644 (Fla.2002), to afford parties relief from insecurity and uncertainty with respect to rights and status. Santa Rosa County v. Admin. Comm’n, Div. of Admin. Hearings, 661 So.2d 1190 (Fla.1995); National Rifle Assn. v. City of South Miami, 812 So.2d 504 (Fla. 3d DCA 2002). As stated in Perry, 387 So.2d at 520: “What is at stake is the proper interpretation to be placed on the ordinance, a matter of statutory construction and therefore, a matter for the courts.”
Reversed and remanded for further proceedings consistent herein.[2]

. The sale is contingent on the buyer having 48 parking spaces.

. Roth also requests a declaratory judgment about the size of the condominium unit. The Charter Club maintains that a portion of Roth's commercial unit actually belongs to the Club. This issue was properly raised and must be resolved on remand.