281 So.2d 325 (1973)
Jacob J. GULESIAN et al., Appellants,
v.
DADE COUNTY SCHOOL BOARD, Appellee,
v.
DADE COUNTY CLASSROOM TEACHERS' ASSOCIATION and Martin D. Kahn, Intervenors.
No. 43217.
Supreme Court of Florida.
July 31, 1973.
*326 Robert M. Brake, Coral Gables, for appellants.
Frank A. Howard, Jr., Miami, Alan J. Kan, of Kahn & Clein, North Miami, Tobias Simon and Elizabeth J. DuFresne, Miami, for appellee and intervenors.
Richard W. Cooney, Sarasota, James F. Lang, Gainesville, Harry A. Blair, Fort Myers, Edward J. Marko, Fort Lauderdale, W. Crosby Few, Tampa, C. Graham Carothers, Tallahassee, E.N. Fay, Jr., Bradenton, B. Edwin Johnson, St. Petersburg, and Joe A. McClain, Dade City, as amicus curiae.
ERVIN, Justice.
This is an appeal from a final judgment of the Circuit Court of Dade County, Florida. We have jurisdiction because the trial judge passed upon the validity of a state statute.
Plaintiffs Jacob J. Gulesian, et al., brought suit against the Dade County School Board to require refund to all Dade County taxpayers (over 350,000) of .82 mills over the limit of 10 mills of tax collections, amounting to $7,300,000, levied for the tax year 1971 for Dade County school purposes.
In denying this relief, the Circuit Judge held, inter alia:
1. That F.S. Section 236.25, F.S.A., as amended by Chapter 71-263, F.S., authorizing school districts to levy ad valorem taxes in excess of 10 mills without a vote of the electors, is in conflict with Article VII, Section 9(b), State Constitution, F.S.A. The trial judge also construed and then deleted this language in Article VII, Section 9(b), "who are the owners of freeholds therein not wholly exempt from taxation," so that thereafter elections on the approval of millages in excess of 10 mills would be open to all electors as distinguished from freeholders of the local district or unit.
2. That notwithstanding his holding Section 236.25 as amended to be unconstitutional, his ruling would not operate retroactively to invalidate the excess of .82 mills over 10 mills nor require the refunds sought because of equitable considerations.
The trial court pointed out plaintiffs and all other taxpayers voluntarily paid the .82 mills without protest and not under compulsion; that in weighing equities and considering the slight benefits to individual taxpayers the trial judge found that a retroactive application of his ruling to require refunds would work great hardship on the School Board out of proportion to the interests of the individual taxpayers, as compared to the needs of the school children of the county.
He found specifically, (1) that the .82 mills represented $7,300,000 that had been collected and expended for school purposes and to require refund thereof in small amounts to over 350,000 Dade County taxpayers would impose an intolerable burden on the School Board; would result in great expense; further complicate its budgetary problems and cause immense administrative difficulties; (2) that the School Board in adopting the .82 mill excess levy acted in good faith in reliance on a presumptively valid statute (F.S. Section 236.25, F.S.A. as amended by Ch. 71-263, Laws of Florida), and has since faced increasingly critical budgeting problems and a refund would greatly compound these problems.
*327 We are particularly impressed with the second finding of the trial judge stated just above, and with the arguments advanced in support thereof by Appellee and several intervening school boards. It appears therefrom that on February 24, 1971 the U.S. District Court for the Southern District of Florida held that the limitation of millage elections to freeholders contained in Article VII, Section 9(b) of the 1968 Florida Constitution was unconstitutional. The Federal District Court further held that the freeholder provision was inseparable from the remainder of the text and struck down Section 9(b) in its entirety. The Court also held F.S.Section 236.25, F.S.A. invalid.
While this decision of the U.S. District Court was on appeal and prior to its modification by the United States Court of Appeals for the Fifth Circuit, the Florida Legislature enacted Chapter 71-263, effective June 24, 1971, amending Section 236.25, to reinstate the 10-mill "cap" but permitting levies in excess of 10 mills if made for certain specific purposes set forth in the amendatory statute.
The Dade County School Board in strict reliance upon the enabling authority of Chapter 71-263, levied the .82 mills in excess of 10 mills for the purpose of funding its deficit in state matching of teachers retirement funds, then estimated at $7,700,000. Pursuant to this levy the sum in controversy, $7,300,000, was collected, deposited in the Board's general funds and paid to the State to cover the deficit in retirement matching.
On March 31, 1972 the Fifth Circuit Court of Appeals held Section 9(b) of Article VII of the Florida Constitution not to be invalid in its entirety, but could be sustained by simply excising the offending provision relating to freeholder elections. The effect of this decision was to recognize the constitutional 10-mill cap limitation as valid, rendering invalid in the process  at least prospectively  the permissive provisions of F.S. Section 236.25, F.S.A., as amended for excess levies.
The question posed before the trial judge and before us on appellate review is the proper jurisdictional resolution of the interim action of the School Board pursuant to the putatively valid legislative authority of Section 236.25, as amended by the 1971 Legislature in making the .82-mill levy in excess of the 10-mill cap.
We agree with the reasoning of the trial judge and his resort to equitable considerations in deciding this case. Compare the rationale of such cases as Lemon v. Kurtzman, 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973); Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971); State v. Barquet, 262 So.2d 431 (Fla. 1972); Board of Public Instruction of Hendry County v. State, 188 So.2d 337 (Fla.App. 1966), aff'd, 191 So.2d 561 (Fla.); State v. City of Miami Beach, 245 So.2d 863 (Fla. 1971), and Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1, text 4 and 5 (Fla. 1972).
Affirmed.
CARLTON, C.J., and ROBERTS, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.