315 So.2d 227 (1975)
CITY OF MIAMI BEACH, a Municipal Corporation, Appellant,
v.
Bernard JACOBS et al., Appellees.
No. 74-677.
District Court of Appeal of Florida, Third District.
July 29, 1975.
Joseph A. Wanick, City Atty., for appellant.
Broad & Cassel, Bay Harbor Island, Joseph Pardo, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.

*228 REVISED OPINION
PEARSON, Judge.
The City of Miami Beach appeals a final judgment in a class action suit[1] which ordered the repayment to the class of money paid by the members of the class to the City under an ordinance which imposed fees and charges to be known as "fire line charges." The ordinance had been declared unconstitutional in a prior suit in the same court by a different judge. The present trial judge concurred in that decision and found (1) that the plaintiffs represented a proper class, and (2) that because the invalid ordinance carried penalties for nonpayment of the periodic charges, the payments made of the charges must be considered as "payment under protest."
The City presents three points, as follows: (1) it was error to find this to be a proper class suit; (2) it was error to find the ordinance invalid; and (3) the trial judge erred in failing to find for the City upon its defense of laches. We hold that no reversible error is shown.
The finding of the trial judge that this was a proper class suit is supported by the holdings in the following cases: City of Miami Beach v. Tenney, 150 Fla. 241, 7 So.2d 136 (1942); Watnick v. Florida Commercial Banks, Inc., Fla.App. 1973, 275 So.2d 278; Port Royal, Inc. v. Conboy, Fla.App. 1963, 154 So.2d 734.
In the City's argument directed to the trial court's finding that the ordinance is invalid, it is urged that the trial judge acted entirely upon the prior determination of another judge in another case in the same court. This argument is refuted by the specific findings contained in the judgment. The judge pointed out:
"This Court concurs in the Opinion of Judge Schulz and independently finds, from the evidence presented, that the Ordinance Number 1850, also known as § 45-6(j) of the City of Miami Beach Code, is invalid, unreasonable, arbitrary, discriminatory, illegal and contrary to the laws of the State of Florida, and does herein also set said Ordinance aside, and of no force and effect."
There remains on this point only the determination of whether there was sufficient competent evidence to support the finding. We find that the ordinance is invalid on its face and that, therefore, there was no need for special evidence on this issue. We are here dealing with an ordinance proposing to levy upon certain properties a monthly charge if the properties' fire lines exceeded stated sizes. This charge was not a charge for use but simply for the right to be connected into the City water system. The ordinance makes no attempt to earmark the funds for the purpose of financing an expansion of the system or for increased costs of any kind. It establishes a bare charge without relation to use or a legally collectable connection fee. See City of Dunedin v. Contractors & Builders Ass'n, Fla.App. 1975, 312 So.2d 763. See also cases cited at 84 C.J.S. Taxation § 22 b (1954) and 31 Fla. Jur. Taxation § 62 et seq.
It is true, as the City urges, that a trial judge is not bound by another trial judge's declaration of unconstitutionality of an ordinance in the judgment of another case. But in view of the above-quoted finding of the present trial judge, which was made independently and which is supported in the record, we will affirm.
The City's contention, under its third point, that it was entitled to a judgment as a matter of law because of the laches of the plaintiffs is not supportable on this record. See Tampa Water Works Co. v. Wood, 104 Fla. 306, 139 So. 800 (1932).
Affirmed.
NOTES
[1] "The class shall be all of the customers of the City of Miami Beach, who paid the `fireline charges' under ordinance number 1850 of the City of Miami Beach, § 45-6(j) of the City Code of the City of Miami Beach, since October 1, 1970."