341 So.2d 236 (1976)
The CITY OF MIAMI BEACH, a Municipal Corporation, Appellant,
v.
Bernard JACOBS et al., Appellees.
No. 76-33, 76-34.
District Court of Appeal of Florida, Third District.
December 23, 1976.
Rehearing Denied January 13, 1977.
*237 Joseph A. Wanick, Miami Beach, for appellant.
Joseph Pardo, Miami, Broad & Cassel, Bay Harbor Islands, for appellees.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
This is an appeal by the City of Miami Beach, the defendant in a class action, from an order relating to attorney fees for the attorney for the plaintiff class. Both an interlocutory and a plenary appeal were filed. We deal with it as a plenary appeal.
The action involved the validity of an ordinance under which the City of Miami Beach had imposed and collected certain "fire line charges", over a period from certain of its citizens. The trial court entered a judgment holding the ordinance was invalid; that the action was properly a class action; and that the members of the class were entitled to repayment by the city of such charges which were paid by them pursuant to the ordinance. The City of Miami Beach appealed therefrom and this court affirmed. See City of Miami Beach v. Jacobs, 315 So.2d 227 (Fla.3d DCA 1975).
Thereafter the attorney for the plaintiff class moved for allowance of a fee. The trial court ordered that the defendant, City of Miami Beach, pay to the attorney for the plaintiff class, as his fee for representing the plaintiffs, 37% "of the monies collected by the City of Miami Beach from the class who paid the fire line charges plus interest at 6% per annum from the date of entry of the trial court judgment which was April 8, 1974", and directed the city to pay such sums to the plaintiffs' attorney forthwith.
The order then directed the City of Miami Beach to make refund to the members of the class, as follows:
"Ordered, adjudged and decreed that the City of Miami Beach shall refund to each of the members of the Class who paid to the City of Miami Beach who paid the `fire-line charges' the amounts paid by said members of the Class, together with interest, as aforesaid, less the amount of Thirty-seven percent (37%) hereinbefore awarded to Joseph Pardo, as a reasonable attorney's fee, for representing said Class, and said sums shall be paid forthwith".
On this appeal from that order the city seeks reversal on the ground that notice of the attorney's application for the fee was not given to the members of the class and seeks modification of the order to eliminate the provisions adding interest, and directing the city to pay the plaintiffs' attorney "forthwith" 37% of the amount collected by the city under the ordinance.
As to the first point it appears that there was a stipulation in the case *238 waiving the requirement to give notice to the individual members of the class during the progress of the action. That would not be binding on the members of the class with reference to an application of their attorney for allowance of fees, since their attorney would not be entitled to waive notice for them for that purpose. However the objection in that regard does not come from any members of the plaintiff class and as raised on behalf of the defendant City of Miami Beach it is without merit.
We find no error in the provision of the order which conferred upon the members of the class interest on the amounts to which the court found the city was obligated to reimburse them. The interest provided for by the court was that which would accrue from the time of the entry of the judgment determining the plaintiffs were entitled to refunds from the city, as provided for by Section 55.03 Florida Statutes, 1973. See Southeastern Mobile Homes, Inc. v. Transit Homes, Inc., 192 So.2d 53, 57-58 (Fla.2d DCA 1966); Stone v. Jeffres, 208 So.2d 827, 829 (Fla. 1968).
On the city's contention that the court erred in ordering payment of the fee forthwith, the city argues that the attorney's fee should be paid prorata by those members of the class to whom refund is made, by deducting the percentage fee due the attorney from the amount to which each individual member of the class is entitled, as and when refund payment is made to a member of the class entitled to and seeking refund.
We hold that argument of the city has merit. The city is not obligated for a fee to the attorney for the class. The attorney is entitled to a fee from the members of the class he represented who shall receive repayment from the city of the fire line charges paid by them. Some entitled thereto may not seek refund, or for some reason may not be located.
The provision of the order directing the City of Miami Beach to pay forthwith to the attorney a fee of 37% of the amount the city collected with interest thereon, when read with the above quoted provision of the order relating to refund payments to individual members of the class, does not make it clear whether the city was to pay the plaintiffs' attorney fees in advance or by withholding his fee from each refund made. To the extent the order is construed to call for the city to deliver forthwith to the attorney an amount which would be 37% of the sums collected under the invalid ordinance, it is hereby reversed. The order is amended to direct the city, upon a payment or refund being made to a member of the class, to withhold a 37% attorney's fee therefrom, and from time to time, without undue delay, remit such withheld fees to the attorney.
It is so ordered.