358 So.2d 214 (1978)
Constance D. COE, Gerald McClish, William C. Shoemaker, William Sills and George A. Wohlford, On Behalf of Themselves and All Others Similarly Situated, Appellants,
v.
BROWARD COUNTY, Florida, Lester L. Bauer As Tax Collector of Broward County, Florida and William G. Markham As Tax Assessor of Broward County, Florida, Appellees.
No. 77-1357.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
*215 Barry Scott Richard, of Snyder, Yount, Stern, Barrett & Tannenbaum, P.A., North Miami Beach, for appellants.
Betty Lynn Lee, Gen. Counsel for Broward County, and Harry A. Stewart, Asst. Gen. Counsel, Fort Lauderdale, for appellees.
ANSTEAD, Judge.
This is an appeal by the appellant-taxpayers of an order denying their request for a refund of some $3,800,000.00 in taxes unlawfully assessed by Broward County, one of the appellees herein.
In a previous appeal of this class action it was held that Broward County lacked authority to levy certain taxes in excess of the statutory property tax ceiling.[1] On remand the taxpayers petitioned the trial court to order a refund of the taxes paid pursuant to the excess levy. The county opposed the refund on equitable grounds, citing Gulesian v. Dade County School Board, 281 So.2d 325 (Fla. 1973) in support of its position. In Gulesian the Supreme Court approved a trial court's refusal to order refunds where the school board acted in good faith in assessing the tax in question, and a refund would work great hardship on the school district involved.
Upon hearing the trial court entered an order sustaining the county's position on the following grounds:
1. That the county acted in good faith in assessing the excess tax.
2. That the administrative cost to the county to process the refunds would be great, approximately $490,000.00, compared to the small average refund per taxpayer, approximately $10.00.
3. That the refund would have to be borne in part by taxpayers who would not participate in the refund, because of the change of ownership of property in the county since the tax was assessed.
4. That the collected taxes have already been spent and although the county has surplus funds on hand, those funds are for emergencies, such as hurricanes, and the risk of harm to *216 the public by using those funds outweighs the rights of the appellants to a refund.
In Gulesian the Supreme Court summarized the trial court's finding:
He found specifically, (1) that the .82 mills represented $7,300,000 that had been collected and expended for school purposes and to require refund thereof in small amounts to over 350,000 Dade County taxpayers would impose an intolerable burden on the School Board; would result in great expense; further complicate its budgetary problems and cause immense administrative difficulties; (2) that the School Board in adopting the .82 mill excess levy acted in good faith in reliance on a presumptively valid statute (F.S. Section 236.25, F.S.A. as amended by Ch. 71-263, Laws of Florida), and has since faced increasingly critical budgeting problems and a refund would greatly compound these problems.
While the appellees have suggested other grounds for sustaining the trial court's order[2], we believe the only question is whether this case comes within the holding of Gulesian.
First, we believe the law to be that a taxpayer is normally entitled to a refund of taxes paid pursuant to an unlawful assessment.[3] We construe the Supreme Court's ruling in Gulesian to have carved out a very narrow exception to the taxpayer's right to a refund.
The point most emphasized by the Supreme Court in Gulesian was the good faith of the school board in making the assessment.[4] There, a federal district court had struck down the entire provision in the state constitution which placed a 10 mill limit on tax assessments. After this decision the Florida legislature passed specific legislation authorizing certain taxes in excess of 10 mills. The school board then levied and collected a tax in strict compliance with this legislative authority. Thereafter, the Fifth Circuit Court of Appeals reinstated the 10 mill limit, thereby invalidating both the legislation in question and the tax levied by the school board. It is clear that the school board acted at all times in accordance with the law as then interpreted by the courts and enacted by the legislature. A better case of good faith would be hard to find.
Here, this court has previously commented on the county's action:
Appellees' position requires an interpretation of the "necessary to participate" phrase as meaning "necessary to participate without having to reduce other budget items which the County Commission doesn't care to reduce." Such an interpretation is contrary to the obvious intent of the act, results in a millage increase of over 21%  more than double the statutory ceiling  and ignores the rule of statutory construction that an exception or proviso in a statute is to be strictly construed. Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957).
This language in our opinion does not foreclose a finding of good faith. However, it appears from the record that no evidence was offered by either side on this issue to the trial court. And, since this court found the assessment to be contrary to the "obvious" intent of the legislature, we do not believe that good faith can be presumed. Further, we do not believe that the findings related to the surplus funds and their availability for emergencies, and the change in ownership of the property taxed, are sufficient to defeat the taxpayers' right to a refund.
The remaining question is whether the finding by the trial court that a refund would result in a disproportionate *217 expense to the county, as compared to the benefit to the average taxpayer, is sufficient in itself to support a denial of the refund. If this factor alone is to be determinative of the issue, then the taxpayer would almost never be entitled to refunds of illegally assessed taxes, since there will always be relatively high administrative costs in processing tax refunds. We do not feel the Supreme Court in Gulesian intended to so limit the rights of taxpayers. A taxing authority must demonstrate more than the mere expense of processing refunds in order to deny the taxpayers their right to a refund of the illegally assessed taxes. The order of the trial court denying supplemental relief is hereby reversed with directions for further proceedings in accordance with this opinion.
REVERSED WITH DIRECTIONS.
DAUKSCH and LETTS, JJ., concur.
NOTES
[1] Coe v. Broward County, 327 So.2d 69 (Fla. 4th DCA 1976); affm'd, 341 So.2d 762 (Fla. 1976).
[2] These grounds include the failure of the appellants to previously seek an injunction, to protest the payment of the tax, or to seek administrative relief. We find no merit in these contentions.
[3] New Smyrna Inlet Dist. v. Esch, 103 Fla. 24, 137 So. 1 (1931); also see section 195.106, Florida Statutes (1976).
[4] The Supreme Court noted that it was "particularly impressed" with finding (2) of the trial court which is quoted in this opinion.