### RAINES, et al v. PALM BEACH LEISURVILLE COMMUNITY ASSOCIATION, Inc., et al.
No. 72-C-1168-B.
Circuit Court, Palm Beach County.
November 14, 1978.

Robert T. Scott, Palm Beach, and Marshall B. Wood, Jr., West Palm Beach, for the plaintiffs.

William R. Merkle, Delray Beach, for the defendant association.

Homer Q. Kimbrell, Boynton Beach, for the defendant class.

DANIEL T. K. HURLEY, Cricuit Judge.

On July 6, 1978, this court entered an order which, among other things, contained a final judgment with enforcement procedures. The court explicitly reserved jurisdiction in the cause ". . . for the purpose of taxation of costs, determination of any appropriate award of attorney's fees, adjudication of improper assessment of the plaintiffs for the time period subsequent to June 30, 1977, and for such other and further purposes that are just and necessary." The final judgment was not appealed. Subsequently, on October 5, 1978, defendants filed a "motion to clarify final judgment." In response thereto, plaintiffs filed a "motion to strike motion to clarify final judgment."

Upon review of the matters set forth in defendants' motion, and after consideration of argument by counsel, the court has concluded that the reservation of jurisdiction clause in the July 6th final judgment does not detract from the finality of that order. *Southeastern Fid. Ins. Co. v. Stevens*, 340 So.2d 933 (Fla. 4th DCA 1976). Furthermore, defendants' motion for clarification is the equivalent of a motion for rehearing which under Rule 1.530(b), Fla.R.Civ.P., had to be served within ten days of the entry of the judgment. Since the motion was not timely filed, the court is without jurisdiction to entertain it and must grant plaintiffs' motion to strike, *Kirby v. Speight*, 217 So.2d 871 (Fla. 1st DCA 1969).

### Attorney's fees

Plaintiffs prevailed in the underlying action and as a consequence, assert that they are entitled to recover attorney's fees in addition to costs. Their claim is predicated upon the contention that the defendant, Palm Beach Leisureville Community Association, Inc. is an "association" as that term is defined in Chapter 718, Fla.Stat., Florida's Condominium Act. The relevant portions of the statute are set forth below —

718.103(2) "Association" means the corporate entity responsible for the operation of a condominium.

718.103(9) "Condominium" means that form of ownership of real property which is created pursuant to the provisions of this chapter and which is comprised of units that may be owned by one or more persons, and there is, appurtenant to each unit, an undivided share in common elements.

718.103(11) "Condominium property" means the lands, leaseholds, and personal property that are not contiguous, and all improvements thereon and all easements and rights appurtenant thereto intended for use in connection with the condominium.

718.103(15) "Operation" or "operation of the condominium" includes the administration and management of the condominium property.

The facts of this case reveal the Palm Beach Leisureville Community Association, Inc. is an entity which manages Leisureville, an adult community in Boynton Beach, Florida. The living units within the community may be subdivided into two distinct forms of ownership: (1) 1803 improved lots with single family homes which do not entail ownership of any common elements, and (2) 502 condominium apartments, divided into 21 separate condominium associations, each of which also includes an undivided ownership interest in common elements.

The community association's responsibilities, for both types of living units, are virtually all-encompassing. Under its articles of incorporation and through declarations of restrictions, it makes and collects assessments; operates, maintains and repairs a community-wide sprinkler system; maintains and cares for all lawns; maintains and repairs the exterior portions of all buildings; maintains and repairs all roads and driveways; pays taxes and insurance on all recreational areas; has the authority to approve or disapprove the planting of all trees and shrubbery; regulates and insures visual uniformity throughout the community; and has the authority to approve or disapprove all transfers of title.

After looking at the statistics in this case, (1803 or 78% non-condominium units versus 502 or 22% condominium units, or 89% of residential space for single family homes versus 11% for condominiums), there is an initial temptation to categorize the association's membership by type of ownership and thereby determine its predominant character, i.e., non-condominium or "community association." This is not an acceptable method, however, for it disregards Chapter 718's statutory definitions which alone must be the measuring points used to survey and fix the rights of condominium owners vis à vis an association. Furthermore, such an approach would encourage abuse. It would permit a denial of those protections guaranteed to condominium unit owners simply because they happened to be members of a hybrid association which included a majority of non-condominium residents. Condominium ownership includes certain rights which cannot be divested by organizational titles or schemata.

Therefore, to properly determine whether Palm Beach Leisureville Community Association, Inc. is subject to the provisions of Chapter 718, it must be examined from the perspective of a condominium apartment owner. Does it operate, administer or manage the condominium property, i.e., the 502 apartments and their common elements? A review of the Articles of Incorporation and the Declaration of Restrictions requires an affirmative answer. Though it shares the managerial operation of the condominiums with

twenty-one associations, no one can dispute that the community association plays a preeminent, if not the dominant, role in governing the community. Multi-level management is perfectly permissible. It was expressly approved by the legislature in Section 718.111(1), Fla. Stat., which provides that, "an association may operate more than one condominium." Nevertheless, it does not dilute the parent association's character, nor diminish its obligations under the statute. As this case has vividly demonstrated, Palm Beach Leisureville Community Association, Inc. significantly controls the operation of Leisureville's condominiums; its actions have a direct and substantial impact on the financial interests of every condominium apartment owner. Consequently, from the testimony and evidence presented in this cause, the court concludes as a matter of fact and law that Palm Beach Leisureville Community Association, Inc. is an "association" as defined by Florida Statute 718.103(2) and is subject to the provisions of the Florida Condominium Act.

In particular, the community association is subject to Section 718.303(1) of the statute which reads, "The prevailing party is entitled to recover reasonable attorney's fees. This relief does not exclude other remedies provided by law." The court is not unmindful that the foregoing provision was enacted subsequent to the commencement of this action, but prior to the entry of final judgment. The rule to be applied in such a situation was set down in *City of Bellingham v. Eiford Construction Co.*, 519 P.2d 1330, 1331 (Wash.App. 1974) —

> The substantial and overwhelming weight of authority is to the effect that unless a contrary intent clearly appears from the statute, the right to costs and attorney fees, as well as the determination of the amount thereof, is governed by the statute in force at the termination of the action, rather than at the time of its commencement.

Furthermore, the court is of the opinion that the attorney's fees provision in Chapter 718.303(1), Fla.Stat., is remedial in nature and therefore capable of retrospective application. This concept was discussed in *Grammer v. Roman*, 174 So.2d 443, 446 (Fla. 2d DCA 1965) —

> Remedial statutes are exceptions to the rule that statutes are addressed to the future, not the past . . . A remedial statute is one which confers a remedy, and a remedy is the means employed in enforcing a right or in redressing an injury.

Section 718.303(1) does not affect the relationship between the association and the condominium unit owners, the rights being litigated or the outcome of the case. The right to recover attorney's fees arises, if at all, only after the merits of the case have been

decided. The provision simply supplements existing remedies and is therefore remedial. *Liberty Mut. Ins. Co. v. Home Ins. Indem.*, 371 A.2d 1171 (N.H.Sup.Ct. 1977). See generally, 30 Fla. Jur., *Statutes*, Section 152.

In determining a reasonable attorney's fee, the court has considered the following factors which are set forth in Disciplinary Rule 2-106(B) of the Code of Professional Responsibility —

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

While the nature and circumstances of each individual case should determine what is a fair and reasonable fee, it is generally recognized that the crucial element in a class action is the benefit obtained *Milstein v. Werner*, 58 F.R.D. 544,550 (S.D.N.Y. 1973), and Hornstein, *Legal Therapeutics: The "Salvage" Factor in Counsel Fee Awards*, 69 Harv. L. Rev. 658 (1956). Plaintiffs' immediate result in this case is a verdict for $303,762.40. A second factor which also can be considered is the amount of money which will be saved in the near future as a direct result of this suit. In ascribing the proper weight that may be given to this element of the benefits conferred, the court must exercise care to assure that the fees awarded are based on a realized benefit and not on an illusory projection. *Milstein v. Werner*, supra at 551; cf. *City of Miami Beach v. Jacobs*, 341 So.2d 236 (Fla. 3d DCA 1976).

To evaluate the novelty of the questions presented in this case, and the skill with which the action was prosecuted, the court has reviewed the seven volumes which constitute the trial court file, together with the briefs which were filed in the Fourth District Court of Appeal and in the Supreme Court of Florida. The picture that emerges is a vigorously contested law suit. One must bear in mind that the first pleading was filed in this case on March 2, 1972, and

since then over 1,370 attorney-hours have been required to prepare, present and defend plaintiffs' claim.

Weighing the evidence presented on this issue, the court must note the absence of any expert testimony from the defense. Plaintiffs called two of the most well respected members of the Bar, and though the court has not given unlimited reach to the "benefits conferred" theory upon which some of the testimony was premised, it did find the testimony to be highly persuasive and has therefore utilized it in reaching this decision.

Therefore, upon consideration of the factors set forth above and the testimony and evidence presented in this cause, it is the court's conclusion that the sum of $180,000 constitutes a reasonable attorney's fee.

### Costs

Florida Statute 57.041 entitles the prevailing party in an action to recover costs. From the testimony and evidence presented at the hearing on the matter, the court concludes that the plaintiffs are entitled to recover the sum of $36,054.50 as costs.

### Decretal provisions

Accordingly, it is ordered and adjudged that the plaintiffs' motion to strike the defendants' motion to clarify the final judgment be, and the same is hereby granted. Defendants' motion is stricken, and it is further

Ordered and adjudged that the plaintiffs' motions to tax attorney's fees and costs be, and the same are hereby granted, and it is further

Ordered and adjudged that the final judgment entered in this cause on July 6, 1978 be, and the same is herewith amended to provide that Pauline T. Raines et al. as representatives of a plaintiff-class shall take and recover judgment from the defendant, Palm Beach Leisureville Community Association, Inc. in the sum of $303,762.40, together with attorney's fees in the sum of $180,000, and with costs in the sum of $36,054.50, for a total sum of $519,816.90, for all of which let execution issue, and it is further

Ordered and adjudged that for the reasons set forth in this court's order of July 6, 1978, the court continues to withhold entry of final judgment against Richard B. Vastine, et al. as representatives of a defendant-class, and it is further

Ordered and adjudged that the total sum provided for in this amended final judgment shall be satisfied in accord with the pro-

cedures and time tables established by this court's order of July 6, 1978, and it is further

Ordered and adjudged that jurisdiction is hereby reserved in this cause for the purpose of adjudicating improper assessments which were levied upon the plaintiffs subsequent to June 30, 1977, and for such other purposes as may be necessary to assure the complete implementation of this order.