788 So.2d 365 (2001)
BILL STROOP ROOFING, INC., etc., Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
Nos. 3D00-1719, 97-8286.
District Court of Appeal of Florida, Third District.
June 20, 2001.
Leiby Taylor Stearns Linkhorst and Roberts and Larry R. Leiby, (Ft.Lauderdale), for appellant.
Robert A. Ginsburg, County Attorney, and Jeffrey P. Ehrlich, Assistant County Attorney, for appellee.
Before LEVY, FLETCHER, and SORONDO, JJ.
*366 FLETCHER, Judge.
Bill Stroop Roofing, Inc. [Stroop], individually and on behalf of others similarly situated, has brought an action for declaratory decree and other relief, challenging a fee charged by Miami-Dade County, which fee Stroop contends is in violation of section 489.113(4)(a), Florida Statutes (1994). This section reads:
"When a certificateholder desires to engage in contracting in any area of the state, as a prerequisite therefor, he or she shall be required only to exhibit to the local building official, tax collector, or other person in charge of issuance of licenses and building permits in the area evidence of holding a current certificate and to pay the fee for the occupational license and building permit required of other persons."
By this section the legislature has precluded each county and city from charging state-licensed contractors for any fee beyond its usual occupational license fee and building permit fee as a prerequisite to contracting therein.
Stroop has alleged that Miami-Dade County has illegally required state-certified contractors to pay a forbidden "registration fee" (as well as the allowable fees for an occupational license and building permits) as a prerequisite to engaging in contracting in Miami-Dade. We agree with Stroop that this practice violates the provisions of section 489.113(4)(a). The trial court should have so declared, and enjoined the County from charging the forbidden additional fee.
In addition to this prospective relief, however, Stroop is also seeking a refund (on behalf of itself and others) for the previously paid illegal fees, to which claim Miami-Dade County responds that it is protected by its sovereign immunity; that is, the County claims that as a "sovereign" it can improperly demand and extract monies from its citizens, then, when caught with its hand in the citizen's pocket, simply decline to return the funds.
In support of this most unjust position, the County cites various types of cases, none of which deals with the extraction of funds in violation of a statutory prohibition. Cited as authority by the County for its sovereign immunity are Cauley v. City of Jacksonville, 403 So.2d 379 (Fla.1981), involving an automotive accident; Pan-Am Tobacco Corp. v. Department of Corrections, 471 So.2d 4 (Fla.1984), involving a contract dispute; Manatee County v. Town of Longboat Key, 365 So.2d 143 (Fla. 1978), involving a dispute between a county and several cities over dual taxation (i.e., the use of tax dollars collected county-wide to benefit only unincorporated areas of the countya squabble by governmental entities over which one gets the pleasure of spending tax dollars paid by the taxpayers); G & J Inv. Corp. v. Florida Dep't of HRS, 429 So.2d 391 (Fla. 3d DCA 1983), a garnishment action; and County of Brevard v. Miorelli Eng'g, Inc., 703 So.2d 1049 (Fla.1997), wherein the supreme court extended the judicially implied waiver of sovereign immunity for express written contracts to include a waiver of immunity for a contractor's claim of breach of implied covenants or conditions contained within the scope of an express written contract. Not dealing with the issue at hand, these cases give little or no guidance toward the right result here.
On the other hand there are numerous case examples in which the courts have mandated the refund of illegally extracted monies. For example, in Broward County, Fla. Bd. of County Comm'rs v. Burnstein, 470 So.2d 793 (Fla. 4th DCA 1985), the Fourth District Court held an occupational license tax invalid because of Broward County's failure to follow the proper procedure in establishing it, and ordered *367 refunds for those years after the suit was filed. Similarly, in City of Miami v. Florida Retail Fed'n, Inc., 423 So.2d 991 (Fla. 3d DCA 1982), a suit was filed to recover excess payment of occupational license taxes and this court upheld the refunds ordered by the trial court. In Ves Carpenter Contractors, Inc. v. City of Dania, 422 So.2d 342 (Fla. 4th DCA 1982), the Fourth District Court in reversing the trial court concluded that a water and sewer impact fee was illegally charged, and the buyers thereof were entitled to restitution of the fees paid within the statute of limitations period. In Broward County v. Mattel, 397 So.2d 457 (Fla. 4th DCA 1981), excessive occupational license taxes charged to attorneys were collected, then ordered to be refunded. The Fourth District Court noted, at 460:
"`[H]ere we have no general statute authorizing the refund of a domestication tax illegally exacted. Nevertheless, under the common law if the payment of a tax is deemed involuntary, a tax which is unlawfully collected may be recovered back by appropriate action.'"
(quoting State ex rel S.S. Kresge Co. v. Howard, 357 Mo. 302, 208 S.W.2d 247 (1947)).
In City of Jacksonville v. Jacksonville Maritime Ass'n, 492 So.2d 770 (Fla. 1st DCA 1986), a user fee on vessels anchored in port was determined to be an unconstitutional tax. The shipowners were found to be entitled to recoupment of the "user fees." Similarly, in City of Miami Beach v. Jacobs, 315 So.2d 227 (Fla. 3d DCA 1975), this court upheld the trial court's final judgment which ordered the repayment of unconstitutional "fireline" fees and charges. Coe v. Broward County, 358 So.2d 214, 216 (Fla. 4th DCA 1978) resulted in a court-ordered refund of excess taxes paid in violation of state legislation to the contrary. Essentially we are here dealing with the same type of eventa county's refusal to obey a direct legislative mandate.
So there is no misunderstanding of our logic and the result, we point out that we recognize the distinction between a "tax" and a "fee." See Jacksonville Port Authority v. Alamo Rent-A-Car, Inc., 600 So.2d 1159 (Fla. 1st DCA), rev. denied, (Fla.1992). However, we agree with the Fourth District Court that once the illegality of either is established, the prerequisites for recovery are the same. See Ves Carpenter Contractors, Inc. v. City of Dania, 422 So.2d 342 n. 2. As in Ves Carpenter Contractors, Inc., the illegal fee here involved was required to be paid along with other, legitimate fees which were necessary to obtain building permits. Like Ves Carpenter Contractors, Inc., return of the illegal exactions is justified.
As a final note we reject the County's contention, and the trial court's conclusion, that refunds of illegal tax or fee exactions are subject to sovereign immunity defenses unless the action is "based on violation of the federal or state constitutions." (R. 154). Certainly an inferior unit of government can be made to disgorge sums collected by it in violation of a state statute.[1] In any event, we note that any tax not authorized by law is unconstitutional.[2] As to prohibited fees, such as the instant one, *368 they also are unconstitutional.[3] Thus we conclude that our governments are required to refund taxes and fees illegally exacted,[4],[5] and the doctrine of sovereign immunity is inapplicable thereto.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] If the County's position were to be accepted, without doubt our state legislators would be flabbergasted to learn that the county can turn a tidy profit by ignoring a legislative mandate.
[2] Article VII, section 1(a), Constitution of the State of Florida:

"No tax shall be levied except in pursuance of law."
[3] Article I, section 9, Constitution of the State of Florida:

"No person shall be deprived of life, liberty or property without due process of law ..."
[4] Subject to valid affirmative defenses.
[5] We believe this conclusion injects greater morality in government than would allowing the retention of illegal exactions.