POLEN, C.J.
Appellees/Plaintiffs Zlinkoff, et al., a class consisting of approximately 45,000 owners of vacant, platted, single family lots located within the City of Port St. Lucie (“City”), instituted suit in. circuit court seeking a refund of stormwater utility fees levied by the City for the tax years 1993/94, 1994/95, 1995/96, 1996/97 and 1997/98. Liability and damages were bifurcated below; this appeal solely concerns the Order entered below on the liability phase which provided the plaintiff class was entitled to a full refund for the tax years in question, issues as to damages (class members, refund due each member) to be determined at a subsequent proceeding. We affirm, largely relying on our previous decision in Atlantic Gulf Communities Corporation v. City of Port St. Lucie, 764 So.2d 14 (Fla. 4th DCA 1999).
In Atlantic Gulf, we addressed the same stormwater utility assessments, levied by the City on land owned by Atlantic Gulf Communities Corp. (“Atlantic Gulf’), the largest private owner of vacant/undeveloped land in the City. We held the storm-water utility non-ad valorem assessments for all tax-years after 1990/91, which were increased and/or modified from the initial assessment (in 1990/91), were invalid for failure to follow the strict notice procedures required by section 197.3632(4), Florida Statutes (1997). Atlantic Gulf, 764 So.2d at 19-20. Hence, we determined Atlantic Gulf was entitled to a full refund of assessments paid for those tax years to which it had timely objected. Id.
Meanwhile, in 1997, plaintiff class Zlinkoff et al., of which Atlantic Gulf was not a member, instituted suit challenging the validity of the same stormwater utility assessments, for the tax years 1993/94-1997/98. As we held in Atlantic Gulf, these assessments are invalid for failure to abide by the notice requirements of section 197.3632(4). Taxpayers, such as the plaintiff class, are normally entitled to a refund of taxes paid pursuant to an invalid assessment. See Coe v. Broward County, 358 So.2d 214 (Fla. 4th DCA 1978).
However, the City contends it should not have to refund the assessments collected for the tax years in question due to “equitable considerations.” [1] This affirmative defense was rejected by the trial court below, a factually-intensive holding we ultimately affirm. Though a taxpayer is normally entitled to a refund of taxes paid pursuant to an invalid assessment, in Gulesian v. Dade County School Board, 281 So.2d 325 (Fla.1973), our supreme court carved out an exception to this general rule, what has come to be known as the “equitable considerations” affirmative defense. As Gulesian and its progeny have provided, “equitable considerations” may preclude a refund of an invalid tax scheme provided the tax scheme (1) was enacted in “good faith,” and (2) requiring a refund would impose an “intolerable burden” on the taxing authority. Gulesian, 281 So.2d at 326; Coe, 358 So.2d at 216-17; Madison County v. Foxx, 636 So.2d 39, 50 (Fla. 1st DCA 1994); . see. also 52 FLA. JUR. 2D Taxation § 1822 (1999). These determinations, i.e., whether a tax scheme was enacted in “good faith” and whether a refund would impose an “intolerable burden,” are case-specific issues of fact, and the trial court’s findings will be affirmed if supported by competent substantial evidence. See Madison County, 636 So.2d at 50; Shaw v. Shaw, 334 So.2d 13 (Fla.1976).
Unlike in Atlantic Gulf, these issues were raised and litigated below, *1132 where the trial court, sitting in its capacity as finder of fact in a bench trial, received considerable evidence pertaining to these “equitable” concerns. Ultimately fatal to the City’s position, the trial court found requiring a refund of the tax years in question would not cause an “intolerable burden” on the City. The monies to be refunded to each taxpayer were fairly substantial, where the assessments paid ranged from $59.53-$102.10 per year (for five tax years), and the City had various means at its disposal of raising sufficient revenues to cover the refund, including raising its millage rate. Cf. Gulesian, 281 So.2d at 327 (finding refund would cause an “intolerable burden” where refund would amount to approximately $20 per class member ($7,300,000/350,000 members) and County was already at the 10-mill cap); see also Coe, 358 So.2d at 216-17 (holding Gulesian carved out a “very narrow exception” to the general 'rule a taxpayer is entitled to a refund of an invalid assessment; taxing authority must demonstrate “more than the mere expense of processing refunds” in order to deny taxpayers their right to a refund). We find the trial court’s findings supported by competent substantial evidence. Thus we affirm its rejection of the City’s “equitable considerations” defense.
We find the City’s additional points raised on appeal pertaining to exhaustion of administrative remedies and laches unpersuasive. The order determining liability in favor of appellees Zlinkoff et al., and ordering a full refund for the tax years 1993/94-1997/98, is thus affirmed.
GROSS and TAYLOR, JJ., concur.

. The “equitable considerations” defense was raised in Atlantic Gulf on the motion for rehearing; we did not address its merits since it had not been previously raised at the trial court or on the initial appeal.