905 So.2d 936 (2005)
Randolph NELSON and Mary L. Nelson, his wife, et al., Appellants,
v.
WAKULLA COUNTY, Florida, etc., et al., Appellees.
No. 1D04-2710.
District Court of Appeal of Florida, First District.
June 13, 2005.
*937 William C. Owen, Tallahassee; Douglas S. Lyons, Tallahassee; Lance Gerlin, Tallahassee; Samuel R. Neel, III, Tallahassee, Attorneys for Appellants.
Ronald A. Mowrey and Donna S. Biggins of Mowrey & Biggins, P.A., Tallahassee, Attorneys for Appellees.
THOMAS, J.
We have for review an appeal from a final order of the Circuit Court of Wakulla County. Appellants brought suit against Wakulla County, challenging the constitutionality of Wakulla County Ordinance 85-6 and seeking a refund of the special assessments. The lower court found the ordinance was, in fact, unconstitutional pursuant to City of North Lauderdale v. SMM Properties, 825 So.2d 343 (Fla.2002). However, it denied Appellants' request for a refund of the special assessments collected.
Appellants have been provided an opportunity to have their case heard and ruled upon by the lower court, as required by Dryden v. Madison County, 727 So.2d 245 (Fla.1999). Since the appropriate procedure has been provided, we must determine whether the case was properly adjudicated on the merits. The general rule is that "a taxpayer is normally entitled to a refund of taxes paid pursuant to an unlawful assessment." Coe v. Broward County, 358 So.2d 214, 216 (Fla. 4th DCA 1978). However the Florida Supreme Court has carved out an exception to a taxpayer's right to a refund where certain equitable considerations apply: (1) the tax was enacted in good faith, in reliance on a presumptively valid statute; and (2) there is a hardship involved in refunding the invalid assessments. Gulesian v. Dade County School Bd., 281 So.2d 325, 327 (Fla.1973). Since the trial court did not reach this issue in the final order, we remand this case to the trial court for a determination of whether equitable considerations, as set out in Gulesian, preclude awarding a refund.
REVERSED and REMANDED with instructions.
BARFIELD and ALLEN, JJ., concur.