NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


LEE MEMORIAL HEALTH SYSTEM,    )
    )
    Appellant,    )
    )
v.    )    Case No.  2D19-4722
    )
CHASE HILDERBRAND and    )
JAMES WHELPLEY,    )
    )
    Appellees.    )
_____)

Opinion filed September 25, 2020.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County;
Alane C. Laboda, Judge.

Hala Sandridge of Buchanan Ingersoll &
Rooney, PC, Tampa; and Elinor Baxter of
The Law Office of Elinor Baxter, P.L.L.C.,
Sarasota, for Appellant.

Joshua D. Ferraro of Lesser, Lesser,
Landy & Smith, West Palm Beach; and
Maria Alaimo of Viles & Beckman, LLC,
Fort Myers, for Appellees.


SILBERMAN, Judge.

Former patients Chase Hilderbrand and James Whelpley filed the

underlying class action complaint against Lee Memorial Health System (Lee Health)

alleging unjust enrichment based on the collection of amounts due for medical bills.

Hilderbrand and Whelpley have not challenged the amounts billed or their obligation to pay the bills.  Instead, they assert that they are entitled to a refund because Lee Health collected the amounts under a claim of lien statute that was subsequently declared unconstitutional.  In this interlocutory appeal, Lee Health seeks review of an order denying its motion to dismiss in which it asserted sovereign immunity.  We conclude that the trial court erred in ruling that Lee Health's use of the lien law was an illegal extraction to which sovereign immunity does not apply.

Hilderbrand and Whelpley filed this lawsuit in September 2015, claiming that they had received care and treatment at Lee Health for injuries received in motor vehicle accidents and that Lee Health recorded a hospital claim of lien for each party based upon the amounts due.  The complaint raised a challenge to the constitutionality of chapter 2000-439, section 18, Laws of Florida, and section 18-37 of the Lee County Code (the Lien Law), which authorized perfection of a lien against, among other things, certain judgments, proceeds from lawsuits, and settlement proceeds.  The complaint asserted that the Lien Law violated the prohibition against special laws pertaining to liens arising from a private contract in article III, section (11)(a)(9), of the Florida Constitution, and sought declaratory and injunctive relief to that effect, as well as damages under the Florida Consumer Collection Practices Act[1] (FCCPA) and an unjust enrichment theory.  The complaint also requested class action status on behalf of all persons against whom Lee Health had filed a lien and claimed it was perfected.

In 2017, this court found the Lien Law unconstitutional under article III, section 11(a)(9) in a case Lee Health had filed against a former patient's insurers

---

[1]§§ 559.551-.785, Fla. Stat. (2014).

alleging impairment of liens.  See Lee Mem'l Health Sys. v. Progressive Select Ins. Co., 230 So. 3d 558, 560, 564 (Fla. 2d DCA 2017).  This court affirmed entry of final summary judgment in favor of the defense, and the Florida Supreme Court affirmed. See Lee Mem'l Health Sys. v. Progressive Select Ins. Co., 260 So. 3d 1038, 1045 (Fla. 2018).  Hilderbrand and Whelpley then amended their complaint in this action to allege that Lee Health used the unconstitutional Lien Law to illegally extract payments from them.  The second amended complaint sought damages for unjust enrichment and continued the class action request but omitted the declaratory judgment and FCCPA claims.

Lee Health filed a motion to dismiss in which it argued, among other things, that sovereign immunity barred the unjust enrichment claims.  The trial court referred the motion to dismiss to a magistrate who issued a report and recommendation that the motion be denied as to sovereign immunity.  The magistrate relied on Bill Stroop Roofing, Inc. v. Metropolitan Dade County, 788 So. 2d 365, 366-67 (Fla. 3d DCA 2001), to conclude that the application of the Lien Law was an illegal extraction to which sovereign immunity does not apply.  The magistrate also found persuasive the Southern District's decision in Parker v. American Traffic Solutions, Inc., No. 14-CIV-24010, 2015 WL 4755175 (S.D. Fla. Aug. 10, 2015), which relied on Bill Stroop to deny a motion to dismiss an unjust enrichment action based on a red light ticketing program that had been declared unconstitutional.  The trial court entered an order ratifying and approving the magistrate's report and recommendation.

The issue of a party's entitlement to sovereign immunity is a legal issue subject to the de novo standard of review.  Plancher v. UCF Athletics Ass'n, 175 So. 3d

- 3 -

724, 725 n.3 (Fla. 2015). "Article X, section 13 of the Florida Constitution provides absolute sovereign immunity for the state and its agencies absent waiver by legislative enactment or constitutional amendment." Ingraham ex rel. Ingraham v. Dade Cty. Sch. Bd., 450 So. 2d 847, 848 (Fla. 1984).[2]

Courts determine whether there is a waiver of sovereign immunity based on legislative intent. See Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass'n, 164 So. 3d 663, 666 (Fla. 2015). Intent can be found when the legislature enacts a statute expressly waiving sovereign immunity. See, e.g., § 768.28(1), Fla. Stat. (2014) ("[T]he state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act."). Intent can also be found without an express mention of sovereign immunity. See, e.g., Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So. 2d 4, 5 (Fla. 1984) (holding that the legislature clearly intended to waive sovereign immunity in legislation authorizing the sovereign to enter into written contracts because contracts must have mutuality of remedies to be enforceable).

In Bill Stroop, the Third District concluded that sovereign immunity did not apply to illegal extractions by government entities. 788 So. 2d at 367. In that case, the county charged a registration fee in violation of a statute that expressly prohibited local governments from imposing such a fee. Id. at 366. Bill Stroop sued on behalf of contractors who were charged this fee, seeking a declaration that the fee violated

_____

[2]There is no dispute that Lee Health qualifies for sovereign immunity as an independent special district of Florida. See Searcy, Denney, Scarola, Barnhart & Shipley v. State, 209 So. 3d 1181, 1185-86 (Fla. 2017).

- 4 -

Florida law and a refund of the amount illegally collected. The county argued that sovereign immunity barred the refund request. Id.

The Third District concluded that sovereign immunity did not apply to "the extraction of funds in violation of a statutory prohibition." Id. In support of its holding, the court relied on a line of cases requiring the sovereign to refund illegal taxes or fees collected as a result of "a county's refusal to obey a direct legislative mandate." Id. at 367 (citing City of Jacksonville v. Jacksonville Mar. Ass'n., 492 So. 2d 770, 772 (Fla. 1st DCA 1986) (requiring the city to repay an unconstitutional tax assessed on certain vessels); Coe v. Broward County, 358 So. 2d 214, 216 (Fla. 4th DCA 1978) (ordering the county to refund excess taxes collected in violation of a state statute); City of Miami Beach v. Jacobs, 315 So. 2d 227 (Fla. 3d DCA 1975) (requiring the city to refund "unconstitutional 'fireline' fees and charges")).

Here, Lee Health's medical bills are not illegal extractions prohibited by statute. When the supreme court declared the Lien Law unconstitutional in Progressive Select, it did not conclude that Lee Health was collecting a fee or tax that was illegally charged and therefore not owed. See 260 So. 3d 1038. Instead, the supreme court held that Lee Health could no longer use a hospital claim of lien to collect medical bills it was legally owed. Id. at 1046.

As stated previously, Hilderbrand and Whelpley do not challenge the amounts billed or their obligation to pay. And the second amended complaint contains no allegation that they were billed in violation of any statute or law. Unlike the government agencies in the cases relied upon in Bill Stroop, this case did not involve "a county's refusal to obey a direct legislative mandate." Bill Stroop, 788 So. 2d at 367.

- 5 -

Instead, Lee Health followed the terms of the then-valid Lien Law which authorized the imposition of a hospital claim of lien against certain judgments and settlement proceeds. Lee Health operated in good faith under a valid legislative enactment until it was declared unconstitutional. Thus, the trial court erred in relying on Bill Stroop to conclude that Lee Health's use of the Lien Law to collect amounts undisputedly owed was an illegal extraction.

The trial court's ruling similarly finds no support in the Southern District's decision in Parker. 2015 WL 4755175. In Parker, the plaintiffs challenged the constitutionality of a red light program based on a Fourth District case finding a similar red light program to be unconstitutional. Id. at *1-2. The Fourth District had determined that the red light program violated Florida's Traffic Safety Act by outsourcing the city's obligation to issue traffic citations. Id. at *1. The Fourth District declared that program "void *ab initio*" and ruled that the appropriate remedy was dismissal of the ticket. Id.

The Parker plaintiffs' lawsuit alleged, among other things, unjust enrichment, and the defendants moved to dismiss the claim based on sovereign immunity. Id. at *2, *4. The Southern District relied on Bill Stroop to deny the motion to dismiss because "under Florida law, state actors are not immune from suit for unlawful monetary extractions." Id. at *4. The court concluded that the plaintiffs had a strong argument for an illegal extraction based on the allegation "that 'a county's refusal to obey a direct legislative mandate' resulted in the payment of an illegal fee." Id. (quoting Bill Stroop, 788 So. 2d at 367).

Unlike in Parker, this case does not involve a payment authorized by a statute that was declared void *ab initio*. Instead, it involves the payment of an obligation

that was owed but collected under a statute that was declared unenforceable decades thereafter. Unlike the plaintiffs in Parker, Hildebrand and Whelpley do not have an argument that Lee Health's refusal to comply with a legislative mandate resulted in the payment of illegal charges. Thus, Parker's narrow holding in reliance on Bill Stroop has no application here.

In sum, the trial court erred in ruling that Lee Health's imposition of a hospital claim of lien pursuant to the Lien Law was an illegal extraction to which sovereign immunity does not apply. Lee Health did not refuse to follow a direct legislative mandate or ignore an established law prohibiting the very tax or fee assessed. Instead, Lee Health used what was then a valid law to file a hospital claim of lien to collect amounts undisputedly owed. Based on the nature of Hilderbrand and Whelpley's claims, there is no basis for the conclusion that sovereign immunity was waived. Accordingly, we reverse the order denying Lee Health's motion to dismiss and remand for dismissal of this action.

Reversed and remanded.

VILLANTI and SLEET, JJ., Concur.